Mamie E. FELDER et al., Appellees,

v.

HARNETT COUNTY BOARD OF EDUCATION and G. T. Proffit, Superintendent of the Schools of Harnett County, Appellants.

No. 9695.

United States Court of Appeals Fourth Circuit.

Argued Feb. 1, 1965.

Decided July 30, 1965.

I. Beverly Lake, Raleigh, N. C. (Robert B. Morgan, Lillington, N. C., on brief), for appellants.

J. LeVonne Chambers, Charlotte, N. C. (Conrad O. Pearson, Durham, N. C., Jack Greenberg, James M. Nabrit, III, and Derrick A. Bell, Jr., New York City, on brief), for appellees.

Before HAYNSWORTH, Chief Judge, and SOBELOFF, BOREMAN, BRYAN and J. SPENCER BELL, Circuit Judges, sitting en banc.

PER CURIAM:

The School Board has appealed from an order requiring it (1) to admit the infant plaintiffs to the schools of their choice, (2) until the Board adopts some other non-discriminatory plan, to advise all pupils and parents of a free choice of schools at the time of initial assignments and at such reasonable intervals thereafter as the Court might approve, and (3) to abandon all burdensome or discriminatory practices and procedures. We affirm the District Court's order, for it was plainly right.

There has been no commingling of the Caucasian and Negro races in the schools of Harnett County. The School Board suggests that this is the result of the voluntary acts of parents when initially enrolling their children. Notices of pre-school clinics are published in the spring of each year without instructions as to the particular primary school to which the child should be taken. In no instance, says the Board, has a child been refused admittance to a pre-school clinic when presented there, and in no instance has a child been refused subsequent enrollment in the school at which he was presented for the clinic.

■ It is true that more than ten years ago, North Carolina repealed its laws requiring separation of the races in the schools, laws similar to others which had then been declared unconstitutional, and substituted its Assignment and Enrollment of Pupils Act (G.S.N.C. § 115–176 et seq.) When, in the ensuing years, however, there had been rigid adherence to the custom of separation of the races in the schools, conformity cannot be said to have been a free exercise of a right of choice, a right which the School Board had never acknowledged.[1] Indeed it is clear that this School Board has never intended to operate under a freedom of choice plan, for even now it loudly protests that part of the District Court's order requiring that it do so, contending that freedom of choice in assignments and transfers would produce chaotic conditions.

■ The School Board contends that it has complied with North Carolina's Assignment and Enrollment of Pupils Act. Since we had declared that act facially constitutional,[2] the Board reasons its practices are unassailable. When such a statute is applied to discriminate against Negro pupils, however, it is given an unconstitutional applica-

1. Bradley v. School Board of City of Richmond, Virginia, 4 Cir., 345 F.2d 310; Jeffers v. Whitley, 4 Cir., 309 F.2d 621.

2. Carson v. Warlick, 4 Cir., 238 F.2d 724, 728.

tion. We have held too frequently to need repeating that criteria may not be used to screen and deny Negro applicants to a particular school if they are not used in the same manner to screen and deny white applicants similarly situated.[3]

The appeal presents no issue which has not long since been settled beyond all question.

Affirmed.

3. Green v. School Board of City of Roanoke, Virginia, 4 Cir., 304 F.2d 118; Dodson v. School Board of City of Charlottesville, Virginia, 4 Cir., 289 F.2d 439;

Jones v. School Board of City of Alexandria, Virginia, 4 Cir., 278 F.2d 72.

