**STATE of Missouri, Plaintiff-Respondent,**

**v.**

**Nora CUTLER, Defendant-Appellant.**

**No. 57264.**

Supreme Court of Missouri,
Division No. 1.

Oct. 8, 1973.

John C. Danforth, Atty. Gen., Vincent F. Igoe, Jr., Asst. Atty. Gen., Jefferson City, for respondent.

Murray Stone and Nelson B. Rich, St. Louis, for appellant.

WELBORN, Commissioner.

Appeal from judgment and sentence of two years' imprisonment, entered on jury verdict finding Nora Cutler guilty of child molestation. § 563.160, RSMo 1969, V.A. M.S. (Notice of appeal filed prior to January 1, 1972.)

The charge against appellant arose from her fourteen-year-old daughter's engaging in lewd and indecent acts with an adult male, during which the male photographed the daughter. The charge against appellant was premised on the daughter's testimony that appellant arranged the meeting of July 16, 1970, between her daughter and the man, at which the acts and photographing occurred, and the testimony of the daughter that she received money from the man and gave it to her mother. The daughter testified that she overheard conversation between her mother and the man in which photographs and money were mentioned.

Appellant testified that she had no knowledge of the activities between her daughter and the man. She stated that she did not arrange for her daughter to meet

**388**

him for the purpose of activities to which the daughter testified and denied that she received money from the daughter.

The man involved did not testify at the trial.

Over appellant's objection, the state was permitted to adduce testimony from an older daughter of appellant that in 1962 and 1963, when she was 13 or 14 years old, she posed nude for photographs by the man involved with her sister for which she received money which she gave to appellant whom she told of her activity.

■ The trial court erred in admitting such testimony. The state offered the evidence as showing "a common scheme and design." On appeal the admission of the evidence is sought to be upheld on the additional basis that it shows intent, guilty knowledge and motive. The state argues that, although the evidence was of a different offense, it was admissible under exceptions to the general rule prohibiting such evidence. State v. Lee, 486 S.W.2d 412 (Mo. 1972).

■ The remoteness of the incident involving the older daughter, some seven to eight years prior to the offense here charged, precluded the use of such evidence to show a common scheme and design. State v. Scott, 459 S.W.2d 321, 324[2] (Mo.1970); State v. Stegall, 353 S.W.2d 656, 658–659[3]–[5] (Mo.1962). The facts relied upon as the basis for the charge against appellant were such that, if the state's evidence was to be believed, she was bound to know the nature and character of her acts. Therefore, evidence of other offenses was not admissible to show intent, motive or guilty knowledge. State v. Spray, 174 Mo. 569, 74 S.W. 846 (1903); State v. Atkinson, 293 S.W.2d 941 (Mo. 1956).

Reversed and remanded.

HIGGINS, C., concurs.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

All of the Judges concur.