Leslie J. LEWIS, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 42740.

Missouri Court of Appeals, Western District.

March 19, 1991.

90 

Sharlie Pender, Kansas City, for appellant.

William L. Webster, Atty. Gen., Joan F. Gummels, Asst. Atty. Gen., Jefferson City, for respondent.

Before SHANGLER, P.J., and KENNEDY and FENNER, JJ.

FENNER, Judge.

Leslie J. Lewis appeals his convictions for first degree sexual assault and forcible sodomy for which he received seven years and twenty years, respectively.

The sufficiency of the evidence to support the convictions is not challenged. Suffice it to say that the victim, S.M., was the youngest of four step-children of Lewis. Allegations arose that Lewis was sexually abusing his step-daughter, S.M., who was 15 years old at the time. Charges against Lewis were filed alleging sodomy committed on February 7, 1989, and sexual assault, committed on February 10, 1989. Other pertinent facts will be discussed as they relate to the various points raised on appeal.

Lewis raises nine points on appeal. In point one, which is reviewed for plain error under Rule 29.12(b), Lewis alleges that the trial court erred by sustaining the state's motion in limine to bar the introduction of any evidence in regard to the victim's prior sexual conduct pursuant to § 491.015, RSMo 1986, the Rape Shield Statute, thereby violating his Sixth Amendment right to a fair trial and his Fourteenth Amendment Right to Equal Protection. Lewis argues that the State's introduction of testimony from a Dr. Watts that the victim's hymen was not intact conferred upon him the right to show an alternative reason this physical evidence exists. Specifically, he argues that it was error to exclude testimony regarding the victim's suspected affair with her brother-in-law. Cited in support is the case of *Douglas v. State*, 797 S.W.2d 532 (Mo.App.1990).

In *Douglas*, this court reversed a conviction for first degree sexual assault because Douglas was not allowed to offer evidence that the alleged victim had engaged in intercourse with another, following expert testimony that an examination of the victim disclosed the absence of hymenal tissue. In reversing the conviction this court held:

"To allow the State to show that [the victim's] hymen was absent, with the

clear and calculated implication that its absence was caused by intercourse with the defendant, then to forbid defendant to show that [the victim] had had intercourse with another, was violative of defendant's right to a fair trial." pp. 535–536.

What distinguishes the facts in *Douglas* from those in the present case was that in *Douglas,* following the victim's direct examination, a request was made to cross-examine her with respect to other sexual activity during the time intervening between the defendant, Douglas' alleged intercourse with her and the time of the doctor's examination when the absence of the hymen was noted. Herein, no such request or attempt was made. Also distinguishing is that in *Douglas,* there was direct evidence from a doctor's report that the victim had indicated she had been sexually active with her boyfriend in the few months prior to the event in question. No such direct evidence existed here that S.M. had actually been sexually involved with someone else.

■ Furthermore, during the hearing on the motion in limine, defense counsel specifically denied that the purpose of his proposed witnesses was to show prior sexual conduct of the victim, but to show that the victim had made similar accusations of sexual contact. No error, plain or otherwise can arise under the present circumstances where there was no attempt to admit the testimony of which Lewis now complains.

■ Evidence was presented through the testimony of Judy Glauser, an employee of the Division of Family Services. She testified that when S.M. was originally removed from the home, she was placed in the foster care of her sister and brother-in-law. On cross-examination, it was established that S.M.'s mother was dissatisfied with this placement because she believed S.M. and the brother-in-law were involved sexually and S.M. was removed from that placement. This is not direct evidence of the type held admissible in *Douglas,* but there was no objection and it negates Lewis' complaint that evidence regarding S.M.'s suspected affair was improperly excluded.

Contrary to the assertion of Lewis, evidence was presented from which the jury could find that S.M. had engaged in sexual activity with someone other than Lewis. Point one is denied.

In point two, Lewis alleges error in the trial court's refusal to allow testimony of family grievances, specifically that S.M. was barred from babysitting for her sister and brother-in-law because members of the family suspected an affair between S.M. and her brother-in-law.

Point one is referred to as it disposes of the allegations of error in point two. As previously stated, this evidence was before the jury through the testimony of Judy Glauser.

Point two is denied.

In points three and four, Lewis takes issue with the trial court's allowance of testimony by S.M.'s sister who testified to occurrences of sexual assault by Lewis upon the sister. Lewis argues that said testimony constituted evidence of other crimes for which he was not charged and that the occurrences were too remote to be relevant.

■ Once again, these points are reviewed only for "plain error" pursuant to Rule 29.12(b) as no objection was made to said testimony either at trial or in a motion for new trial. Under the plain error standard of review, the error complained of must impact so substantially upon the rights of a person that manifest injustice or a miscarriage of justice will result if left uncorrected. *State v. Driscoll,* 711 S.W.2d 512, 515 (Mo. banc 1986), cert. denied, 479 U.S. 922, 107 S.Ct. 329, 93 L.Ed.2d 301 (1986).

The victim's sister testified that Lewis had previous sexual relationships with her, occurring when she was 12 years old, approximately ten years prior to the events in question. The sister also testified as to her mother's hostile reaction when her mother caught Lewis and her in bed. S.M. corroborated this testimony when explaining her fear of confronting her mother regarding Lewis' behavior.

■ Evidence of other crimes is not admissible unless it tends to establish motive, intent, absence of mistake or accident, a common scheme or plan, or the identity of the person charged with the commission of the crime charged. *State v. Fraction*, 782 S.W.2d 764, 786 (Mo.App.1989).

■ In the case of *State v. Cutler*, 499 S.W.2d 387 (Mo.1973), Cutler's conviction for child molestation was reversed because testimony of an older daughter to alleged similar events occurring seven to eight years before the event in question was held inadmissible because the incident was too remote. The *Cutler* court held that the remoteness of the incident precluded the use of such evidence to show a common scheme or plan. 499 S.W.2d at 388. This court is bound by the decision in *Cutler*. The admission herein of the testimony of S.M.'s sister as to events occurring ten years previously was error. However, the prejudicial effect of the admission must be examined.

■ Error in a criminal case is presumed to be prejudicial, but the presumption may be overcome by the facts and circumstances. *State v. Ford*, 639 S.W.2d 573, 575 (Mo.1982). Error, which in a close case might call for reversal, may be disregarded as harmless when the evidence of guilt is strong. *Id.* at 576. The judgment should not be reversed when the court is fully satisfied that the error did not contribute to the result reached in the trial court. *State v. Baker*, 741 S.W.2d 63, 67 (Mo.App.1987).

■ The evidence of guilt in the present case is strong. This was not a close case. The victim's testimony was unequivocal and clearly established that Lewis was guilty of the crime charged. This point does not qualify for plain error relief.

Points three and four are denied.

Points five and seven are taken up together as they relate to the same subject matter. Both points take issue in regard to the actions of the trial court with respect to the previously discussed testimony of one of S.M.'s sisters.

Lewis argues that the trial court should have granted a new trial because the verdict was dependent upon coerced and invalid testimony and that the trial court should have declared a mistrial when it learned of the alleged coercive statements of the prosecutor.

S.M.'s sister was originally called as a hostile witness by the prosecutor. After the state had rested its case, defense counsel requested an offer of proof as to the proposed rebuttal testimony of S.M.'s sister. Defense counsel alleged that he had been informed by S.M.'s sister of threats by the prosecution should she fail to testify.

The prosecutor informed the court that he had not threatened S.M.'s sister, but he told her that if she did not appear under subpoena of the court that an attachment order would issue and the Sheriff would pick her up and bring her in to testify.

S.M.'s sister then made an offer of proof stating that the prosecutor told her that he would guarantee her six months in Andrew County's jail if she did not testify in accordance with a previously given statement. The prosecutor was then sworn as a witness and testified that the only statement he made was regarding the subpoena and that he never referred to jail time.

S.M.'s sister was permitted to testify as a surrebuttal witness for the defense, but her testimony was restricted to the matter of attachment if she failed to appear under the subpoena. The trial court found, as it was free to do, that the aspect of her testimony regarding the threat of a jail sentence was totally incredible and would interject a collateral issue to the real issue.

■ Evidence should be excluded if it unnecessarily diverts the attention of the jury from the question to be decided. *State v. Taylor*, 663 S.W.2d 235, 239 (Mo. banc 1984). The trial court has broad discretion as to the relevancy of evidence and this court will not interfere with the trial court's ruling absent a clear showing of abuse. *State v. Brown*, 718 S.W.2d 493 (Mo. banc 1986).

■ The trial court determined that the testimony of S.M.'s sister would interject a collateral issue, thus essentially determining the testimony to be irrelevant. This court agrees and finds no clear showing of abuse. Points five and seven are denied.

■ In point six, Lewis claims that the trial court erred in failing to instruct the jury to disregard a written statement of S.M.'s sister, who testified that the statement was inaccurate. The statement was offered, but the court refused to admit it, following an objection by defense counsel.

It is not entirely clear what Lewis argues. He complains that the State did not stop referring to this statement and that the transcript is devoid of any instruction by the trial court to disregard the statement.

Lewis cites to a single instance, in closing argument, where the statement was referenced. The record is completely devoid of any objection to this reference. The trial court was under no obligation to give the relief herein requested by Lewis. Point six is without merit and is denied.

■ In point eight, Lewis argues that the trial court erred by failing to set aside the judgment or order a new trial when it declared that Lewis had probable cause for ineffective assistance of trial counsel, Alden Lance. In an Order and in an Amended Judgment and Sentence, the trial court found probable cause for ineffective assistance of counsel and ordered trial counsel to withdraw following the timely filing of a notice of appeal. Lewis claims that the trial court should have immediately ordered a new trial.

The law is clear that Rule 29.15 provides the exclusive remedy by which a person may raise a claim of ineffective assistance of counsel. *State v. Wheat*, 775 S.W.2d 155, 157 (Mo. banc 1989), *cert. denied*, — U.S. —, 110 S.Ct. 744, 107 L.Ed.2d 762 (1990). The proceeding herein is a direct appeal.

The record contains absolutely nothing to suggest that a post-conviction Rule 29.15 motion was filed. The time has long expired for the filing of such a motion so it will be assumed that none has been filed.

Point eight is denied.

■ In his final futile attempt, Lewis argues that the trial court erred when it allowed testimony concerning his past record. At trial, the prosecutor cross-examined Lewis concerning a prior burglary conviction.

Lewis now claims that conviction occurred when he was a juvenile. However, Lewis had previously testified at his bond hearing that he had been convicted of burglary and the conviction had occurred as an adult. Although an objection was made during cross-examination, nothing was offered to support Lewis' claim that he was a juvenile at the time of the conviction. No support exists for this allegation.

Point nine is denied.

■ It must not, however, go without comment that precious few of Lewis' nine points were properly preserved for review. Plain error review should be the exception, not the rule of review. *State v. Smith*, 781 S.W.2d 761, 778 (Mo. banc 1989). When the Court's rules and decisions for appellate review have not been followed, such afterthought assignment of errors should be declared procedurally barred. *Id.* The reader is directed to the concurring opinion of Billings, J., regarding plain error review in *Smith*.

This is not to condone the activity at the trial level as caution should likewise be taken by trial counsel to avoid such errors as result in plain error review.

In view of the foregoing, Lewis' convictions are, in all respects, affirmed.

All concur.