STATE of Missouri, Respondent,

v.

James Carlston RAY, Appellant.

No. 63347.

Supreme Court of Missouri,
En Banc.

Aug. 31, 1982.

J. Kevin Checkett, James R. Spradling, Carthage, for appellant.

John Ashcroft, Atty. Gen., Theodore A. Bruce, Asst. Atty. Gen., Jefferson City, for respondent.

MORGAN, Judge.

Appellant was convicted of one count of forcible rape and sentenced to a term of five years. Sec. 566.030, RSMo 1978. Several points are raised on the appeal therefrom, including the application and alleged unconstitutionality of § 491.015, RSMo 1978, commonly referred to as the "rape shield" statute. We reverse and remand.

At trial, appellant's defense was that he did not achieve penetration and that in any case the prosecutrix (hereinafter referred to as the complainant) had given consent. The complainant asserted that appellant and three others raped her in the early morning hours of July 19, 1980, and that one of the four (not appellant) had beaten her. At the trial, appellant sought to introduce evidence that on the night of July 18, 1980, the complainant had had sexual relations with one of the persons, other than appellant, who allegedly raped her on July 19, 1980. The court excluded the evidence. Several issues are raised on appeal, including the application and constitutionality of

§ 491.015, RSMo 1978. Because we decide that the evidence was admissible under the statute, we need not reach the other issues.[1]

Sec. 491.015, RSMo 1978, reads as follows:

1. In prosecutions for the crimes of rape, attempt to commit rape, or conspiracy to commit rape, opinion and reputation evidence of the complaining witness' prior sexual conduct is inadmissible; evidence of specific instances of the complaining witness' prior sexual conduct or the absence of such instances or conduct is inadmissible, except where such specific instances are:

(1) Evidence of the sexual conduct of the complaining witness with the defendant to prove consent and the evidence is reasonably contemporaneous with the date of the alleged crime; or

(2) Evidence of specific instances of sexual activity showing alternative source or origin of semen, pregnancy or disease;

(3) Evidence of immediate surrounding circumstances of the alleged crime; or

(4) Evidence relating to the previous chastity of the complaining witness in cases, where, by statute, previously chaste character is required to be proved by the prosecution.

2. Evidence of the sexual conduct of the complaining witness offered under this section is admissible to the extent that the court finds the evidence relevant to a material fact or issue.

3. If the defendant proposes to offer evidence of the sexual conduct of the complaining witness under this section, he shall file with the court a written motion accompanied by an offer of proof or make an offer of proof on the record outside the hearing of the jury. The court shall hold an in camera hearing to determine the sufficiency of the offer of proof and may at that hearing hear evidence if the court deems it necessary to determine the sufficiency of the offer of proof. If the court finds any of the evidence offered admissible under this section the court shall make an order stating the scope of the evidence which may be introduced. Objections to any decision of the court under this section may be made by either the prosecution or the defendant in the manner provided by law. The in camera hearing shall be recorded and the court shall set forth its reasons for its ruling. The record of the in camera hearing shall be sealed for delivery to the parties and to the appellate court in the event of an appeal or other post trial proceeding.

We have ruled that the statute creates only a "presumption" that evidence of a victim's prior sexual conduct is irrelevant. *State v. Brown,* 636 S.W.2d 929, 933 (Mo. banc 1982). The statute enumerates four exceptions to the presumption, § 491.-015.1(1)–(4); and, additionally, § 491.015.2 allows the trial court to admit evidence that it "finds ... relevant to a material fact or issue." Upon consideration of the whole record, we find that appellant's proffered evidence was probative of material issues, namely, complainant's ability to perceive and to recall the alleged events and whether she had consented to the sexual acts.

■ Whether evidence is relevant and whether its probative value outweighs its inflammatory and prejudicial dangers are for the trial court to decide, and its decision will not be disturbed unless its discretion is abused. *State v. Wood,* 596 S.W.2d 394, 402 (Mo. banc 1980), *cert. denied,* 449 U.S. 876, 101 S.Ct. 221, 66 L.Ed.2d 98 (1980). *State v. Shaw,* 636 S.W.2d 667, 671 (Mo. banc 1982). Evidence is relevant if it logically tends to prove a fact in issue or corroborates relevant evidence that bears on a

1. Additionally, we recently declared the statute to be facially constitutional in *State v. Brown,* 636 S.W.2d 929 (Mo. banc 1982), but there always remains the possibility of an unconstitutional application thereof.

principal issue. *State v. Mercer,* 618 S.W.2d 1, 9 (Mo. banc 1981), *cert. denied,* 454 U.S. 933, 102 S.Ct. 432, 70 L.Ed.2d 240 (1981). Although due process does not require all relevant evidence to be received nor prohibit the refusal of highly prejudicial albeit relevant evidence, relevance, not prejudice, is the touchstone of due process, and this proposition is especially urgent where the evidence in question might tend to prove innocence. *State v. Gibson,* 636 S.W.2d 956, 958 (Mo. banc 1982).

In his offer of proof in the case at bar, appellant sought to introduce evidence of the complainant's sexual activities on the night of July 17/18, 1980, the night before the alleged rape. He sought to show that she had gone to the same apartment where the alleged rape later occurred; that she arrived at the same time, approximately 1 or 1:30 a.m.; that she came uninvited, as she did the next night; that during the course of the night she became extremely intoxicated with alcohol and marijuana, as she was to do again; that she was the only female present among five or six men, as on the next night; that one of the men who allegedly raped her on July 19, 1980, walked into the bathroom and that she invited him to have sexual relations with her, as appellant tried to argue occurred the next night; that the complainant refused to have sexual relations with a second man, who was present the second night and who did not attempt to have sexual relations the second night; that the complainant subsequently told another member of the group that she had just been raped; and that she was "freaking out" on drugs, which also allegedly occurred the next night.

Evidence was introduced at trial that in the early evening of July 18, 1980, the complainant initiated a phone conversation with the man who allegedly had raped her the night before and that she invited herself to his apartment again. In an offer of proof, appellant tried to show that this man told her that again she would be the only woman among four or five men. This offer of proof was refused. Appellant introduced evidence that on the evening of the alleged rape, the complainant left work because she was too intoxicated on marijuana and perhaps valium and quaaludes to function; and that at the scene of the alleged rape she was seen to smoke several "joints" of marijuana, take valium pills, drink beer and "chug" Wild Turkey whiskey.

Upon consideration of the whole record, we find that the trial court erred in refusing the proffered evidence because it was probative of the issues of the complainant's perception and recollection and her consent. The evidence supported a finding that at all times that the complainant was observed early in the morning of July 18, later that day and early in the morning of July 19, she was quite intoxicated on drugs and alcohol. During this extended period of intoxication, substantially the same events occurred in the same place and time with several of the same people. A jury could infer and should have been permitted the opportunity to infer that the complainant had confused the events and that appellant had never raped her. The evidence also supported a finding that when the complainant responded to her first alleged assailant's telephone caveat that the conditions in his apartment on July 19 would be the same as July 18 by returning uninvited on July 19, she returned to engage in sexual relations. The record indicates that if allowed to so testify this man would have stated that the complainant told him on the phone that she wished to talk at his apartment about the events of the night before. At trial, on voir dire of the complainant, she stated that she did not know whether she had been raped on July 17/18 or not. The telephone conversation and the complainant's state of mind throughout the twenty-four hour period could be fully elucidated only by admission of the refused evidence.

Accordingly, we reverse and remand.

DONNELLY, C.J., and SEILER, WELLIVER, HIGGINS and BARDGETT, JJ., concur.

RENDLEN, J., concurs in result.