STATE of Missouri, Respondent,

v.

James JONES, Appellant.

No. 67724.

Supreme Court of Missouri,
En Banc.

Sept. 16, 1986.

Rehearing Denied Oct. 14, 1986.

Henry Robertson, St. Louis, for appellant.

William L. Webster, Atty. Gen., Lee Bonine, Jennifer H. Fisher, Asst. Attys. Gen., Jefferson City, for respondent.

DONNELLY, Judge.

This case involves the Rape Victim Shield Statute—§ 491.015, RSMo 1978. Insofar as pertinent on this appeal, it reads as follows:

1. In prosecutions for the crime of rape, * * * evidence of specific instances of the complaining witness' prior sexual conduct * * * is inadmissible, except where such specific instances are:

(1) Evidence of the sexual conduct of the complaining witness with the defendant to prove consent and the evidence is reasonably contemporaneous with the date of the alleged crime; * * *.

\* \* \* \* \* \*

2. Evidence of the sexual conduct of the complaining witness offered under this section is admissible to the extent that the court finds the evidence relevant to a material fact or issue.

Appellant, James Jones, was convicted of rape and sodomy by a jury in the Circuit Court of the City of St. Louis and was sentenced to ten years imprisonment. Following rendition of judgment and imposition of sentence, an appeal was perfected to the Eastern District of the Court of Appeals where the judgment of conviction was affirmed. The case was transferred

here by order of this Court. Mo. Const. art. V, § 10.

At an in camera hearing as provided in Subsection 3 of § 491.015, appellant proposed to offer evidence on the issue of consent of his having had consensual sexual intercourse with the victim some three and one-half to four and one-half months before October 16, 1983, the date of the offense charged. The offer was denied.

First, appellant urges that such evidence was *independently* admissible as relevant under Subsection 2 of § 491.015. He relies on the following statement from *State v. Ray*, 637 S.W.2d 708, 709 (Mo. banc 1982):

We have ruled that the statute creates only a "presumption" that evidence of a victim's prior sexual conduct is irrelevant. *State v. Brown*, 636 S.W.2d 929, 933 (Mo. banc 1982). The statute enumerates four exceptions to the presumption, § 491.015.1(1)–(4); and, additionally, § 491.015.2 allows the trial court to admit evidence that it "finds ... relevant to a material fact or issue." * * *.

■ On reexamination, we believe such statement of law is erroneous. Section 491.015 provides that evidence of specific instances of a victim's prior sexual conduct is inadmissible except as provided in (1), (2), (3) and (4). In our view, Subsection 2 is directed only at the exceptions set forth in (1), (2), (3) and (4). Evidence offered under (1), (2), (3) and (4) is admissible only "to the extent that the court finds * * * [it] relevant to a material fact or issue." Insofar as they hold to the contrary, *Brown* and *Ray* should no longer be followed. If all "relevant" evidence were admissible, there would be no reason for (1), (2), (3) and (4).

Second, appellant urges that his proposed evidence of prior consensual sexual intercourse "is reasonably contemporaneous with the date of the alleged crime * *."

In *State v. Crisp*, 629 S.W.2d 475 (Mo. App.1981), the date of the alleged crime was October 5, 1979. The Court of Appeals held that evidence of the complaining witness' prior sexual conduct with defend-

ant in 1976 was not reasonably contemporaneous with the sexual intercourse on October 5, 1979, and affirmed the conviction.

In *State v. Boyd*, 643 S.W.2d 825 (Mo. App.1982), the date of the alleged crime was January 11, 1981. The trial court ruled that defendant could inquire into prior sexual relations with defendant that allegedly occurred on January 5 or 6, 1981, but not into sexual relations with defendant that occurred in August and September 1980. The Court of Appeals affirmed.

In *Morissette v. United States*, 342 U.S. 246, 250, 72 S.Ct. 240, 243, 96 L.Ed. 288 (1952), the Court said:

> The contention that an injury can amount to a crime only when inflicted by intention is no provincial or transient notion. It is as universal and persistent in mature systems of law as belief in freedom of the human will and a consequent ability and duty of the normal individual to choose between good and evil. * * *.

In *Chambers v. Mississippi*, 410 U.S. 284, 302, 303, 93 S.Ct. 1038, 1049, 35 L.Ed.2d 297 (1973), the Court addressed an application of the Mississippi hearsay rule, and said:

> In these circumstances, where constitutional rights directly affecting the ascertainment of guilt are implicated, the hearsay rule may not be applied mechanistically to defeat the ends of justice.
>
> We conclude that the exclusion of this critical evidence, coupled with the State's refusal to permit Chambers to cross-examine McDonald, denied him a trial in accord with traditional and fundamental standards of due process. In reaching this judgment, we establish no new principles of constitutional law. Nor does our holding signal any diminution in the respect traditionally accorded to the States in the establishment and implementation of their own criminal trial rules and procedures. Rather, we hold quite simply that under the facts and circumstances of this case the rulings of the trial court deprived Chambers of a fair trial.

In *California v. Trombetta*, 467 U.S. 479, 485, 104 S.Ct. 2528, 2532, 81 L.Ed.2d 413 (1984), the Court said:

> Under the Due Process Clause of the Fourteenth Amendment, criminal prosecutions must comport with prevailing motions of fundamental fairness. We have long interpreted this standard of fairness to require that criminal defendants be afforded a meaningful opportunity to present a complete defense. * * *.

In *Crane v. Kentucky*, —— U.S. ——, 106 S.Ct. 2142, 90 L.Ed.2d 636 (1986), the Court cited *Chambers* and *Trombetta* with approval and addressed again whether, in the circumstances, *accused was deprived of a fair trial*.

A definition of "reasonably contemporaneous" is elusive. In *Crisp*, the Court of Appeals said: "Reasonably means within the bounds of common sense. Contemporaneous means originating, or happening, during the same period of time. It is not common sense to say that events that happened almost three years apart were reasonably contemporaneous." *Crisp*, 629 S.W.2d at 479.

■ In our view, the *Crisp* statement is not off-target. Certainly judicial review by the use of clocks or calendars is not enough. The teaching of *Chambers* and *Crane* is that we must decide whether, in the circumstances, accused was deprived of a fair trial.

If this case involved merely a swearing match between the complaining witness and the accused on the issue of consent we would be inclined to reverse and remand for new trial. However, the complaining witness testified that she awoke with "a pair of hands around my——around my neck;" and that the accused told her that "if I say anything, if I make a noise that he would kill me and my children." Dr. Gregory J. Bailey, the emergency room physician at City Hospital the night of October 16, 1983, testified that he examined the complaining witness and found a cervical tear, redness on the side of her neck and bruising on the back of her neck.

In these circumstances, we cannot say that the trial court abused its discretion and that appellant was deprived of a fair trial.

The judgment is affirmed.

HIGGINS, C.J., BILLINGS and REND-LEN, JJ., and GAITAN, Special Judge, concur.

BLACKMAR, J., dissents in separate opinion filed.

WELLIVER, J., dissents and concurs in separate dissenting opinion of BLACK-MAR, J.

ROBERTSON, J., not sitting.

BLACKMAR, Judge, dissenting.

I disagree with the principal opinion in two respects, as follows: (1) We should not repudiate the carefully considered holdings of *State v. Brown,* 636 S.W.2d 929 (Mo. banc 1982) and *State v. Ray,* 637 S.W.2d 708 (Mo. banc 1982); and (2) the defendant should have been allowed to develop fully his theory of the case, and to introduce evidence of prior voluntary sexual relations between the complaining witness and himself. I would reverse and remand for a new trial.

### I.

*State v. Brown, supra,* sustained a challenge to the facial constitutionality of the "rape shield law," § 491.015, RSMo 1978. It recognized that the primary purpose of this statute was to repudiate the evidentiary proposition that a woman who had engaged in prior extramarital intercourse was more likely to consent to sexual activity than a woman of prior "chaste" character, and to require a demonstration of relevancy before prior acts of intercourse could be shown in evidence. Thus the victim's sexual history is deemed immaterial, except in unusual cases. The opinion noted as a purpose of the statute the elimination of unnecessary embarrassment and harassment of a woman who accused a man of rape.

*Brown* recognized, however, that there is a serious constitutional problem if a statute deprives a criminal defendant of the opportunity to introduce evidence which is relevant and material in his defense. The cases of *Chambers v. Mississippi,* 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973); and *Crane v. Kentucky,* —— U.S. ——, 106 S.Ct. 2142, 90 L.Ed.2d 636 (1986), recognize the right of a defendant to make a complete defense and to have the benefit of all relevant and material evidence in doing so. *See also Skipper v. South Carolina,* —— U.S. ——, 106 S.Ct. 1669, 90 L.Ed.2d 1 (1986). It is the sense of *Brown* that a rape defendant should be able to introduce evidence of prior sexual conduct of his accuser if the evidence has a reasonable and proper place in his defense, even though the evidence does not fall within one of the four exceptions in the first subsection of the statute.[1] The state and federal constitutions undoubtedly require nothing less. If the evidence is relevant and material, the defendant is entitled to it even though the complainant may suffer embarrassment. It is one thing to balance the probative value and prejudicial effect of evidence against the defendant, but quite another to balance the value to the defendant and the possible embarrassment of a third person.

One can easily imagine situations in which the evidence should be admitted even though it does not fall within any specific exception. Suppose that the defendant claims that his accuser was a prostitute

---

1. These exceptions are as follows:
   (1) Evidence of the sexual conduct of the complaining witness with the defendant to prove consent and the evidence is reasonably contemporaneous with the date of the alleged crime; or
   (2) Evidence of specific instances of sexual activity showing alternative source or origin of semen, pregnancy or disease;
   (3) Evidence of immediate surrounding circumstances of the alleged crime; or
   (4) Evidence relating to the previous chastity of the complaining witness in cases, where, by statute, previously chaste character is required to be proved by the prosecution.

who made a charge of rape only after services had been furnished, when there was an argument about the consideration. The defendant should be allowed to show that the complaining witness was a professional prostitute.

Or suppose that the defendant asserts that the accuser was a nymphomaniac who threw herself at him, and proffered charges only because of subsequent disagreement, or even because he refused her approach. *Cf.* Genesis 39:6–23. Should he not be able to corroborate his claim that she regularly made advances to men?

We are obliged to give a statute constitutional construction if this is possible. *Brown* does this. By rejecting *Brown*, the Court invites constitutional problems.

The repudiation of *Brown* and *Ray*, furthermore, is unnecessary. The defendant advances no substantial argument for admissibility aside from the exception contained in subsection 1(1), relating to prior relations between the defendant and the complaining witness.

## II.

I agree with the statement in the principal opinion that, when a "swearing match" is presented, the trial court should usually admit evidence of prior relations between the defendant his accuser, in accordance with § 491.015.1(1), and should not apply a grudging construction of the phrase, "reasonably contemporaneous." I also agree that the phrase cannot be closely confined within any particular time frame.

The trial of this case presented a classic example of a swearing match. The complaining witness said that the defendant, who lived near her and was well known to her, entered her upstairs bedroom in which she and her two young children were sleeping, grabbed her around the neck, pulled her out of bed, displayed a gun, and threatened to kill her and her children if she did not submit to him. She submitted to normal and oral intercourse, entered into a conversation lasting perhaps one-half hour, and then, on his demand, submitted to further intercourse. The gun was not produc-

ed and no other witness testified to the defendant's having had a gun.

The defendant's story was diametrically opposed. He and his wife were at a party at the house across the street from the accuser's, in which some of his family members resided, during the early morning hours. His wife left earlier and went to their own nearby home. The defendant later went outdoors and saw the complaining witness on the porch of her house. She beckoned him to come over and, during the course of a conversation, she asked why he had not paid attention to her lately. He told her that he "was married now." They then went upstairs together, and continued their conversation. She grabbed him and kissed him, and then brought out a pallet and bed clothing, disrobed, and virtually seduced him.

The principal opinion points to the accuser's testimony in an attempt to show that the encounter was attended by some violence. The defendant should not be deprived of the opportunity to put his own version of the facts before the jury, simply on the basis of testimony from the complaining witness, which is at variance with his. The victim sought medical assistance only after the police came, and the trip to the hospital seems to have been more for the collection of evidence than for treatment. The medical evidence does not show severe or substantial injuries, and is not essentially inconsistent with the defendant's testimony about what took place.

The trial court found that consensual intercourse no more recently than three and one-half months before the incident giving rise to the charges was not "reasonably contemporaneous." This ruling, as the statute requires, was made in advance of trial and not in the context of the case, simply as a construction of the statutory language. The defendant suggests, however, that there is an explanation for the absence of more recent involvement, in that he had married in the meantime, and that, even though the defendant and the complaining witness were near neighbors,

there were so many people in the vicinity who knew both parties that a clandestine affair could not flourish. There was also evidence that the defendant's wife, Yolanda, and the accuser were on very bad terms, and that the accuser had asked the defendant's sister why James (the defendant) had gotten involved with Yolanda. This suggested to the sister that the complainant was still interested in James. If one wonders why the accuser would make the rape charge after inviting relations, it might be suggested that her jealousy caused her to seek revenge. The sister testified that the complaining witness " ... just told me that if it took all her life she was gone (sic) get James back." The jury might find that this statement indicated either a feeling of possessiveness or a desire for revenge. The jury could of course accept the testimony of the defendant and his witnesses, and could reject the state's evidence.

It is possible that, if the defendant had been allowed to describe his prior relations with the victim in detail, the jury would find his version more believable than the accuser's, or at least might have had a reasonable doubt of his guilt. Both stories describe unusual events. There is want of corroboration for either version, and both have unresolved questions. I cannot escape the feeling that the defendant was deprived of the opportunity to present all of the facts material to his claim.

A great English judge, Sir Matthew Hale, (1609–1676), once expressed himself as follows: [2]

"It is true that rape is a most detestable crime and therefore ought severely and impartially to be punished with death; but it must be remembered that it is an accusation easy to be made, hard to be proved, but harder to be defended by the accused, though innocent."

We no longer punish rape with death,[3] but the authorized punishment is very severe[4] and this defendant received a ten-year sentence. Depending on whether the jury finds consent or not, the defendant may incur a severe prison term or go free. The rape shield law serves a important public purpose, but it should not deprive a defendant of the opportunity to present his whole case. In the present case, furthermore, the defendant's counsel did not seek to embarrass the complaining witness on the stand, but rather offered to bring out the defendant's claim of prior intimacies through his own testimony. There is much more than the bare suggestion that the complaining witness was a "bad girl" who is not to be believed. The defendant suggests that she was disturbed by the termination of their intimate relationship and sought either resumption or revenge. He should have been allowed to describe to the jury the full degree of involvement.

The course of wisdom is to let the jury hear all the evidence which is arguably relevant. It then decides what to believe, in exercising its historic function. This is not a case in which we should simply sustain the trial court in a discretionary ruling. The ruling was more a ruling of law, made before trial and before all pertinent circumstances had come out in evidence. The judge indicated that he was satisfied with the defendant's offer of proof and was not disposed to change his mind. Counsel were effectively warned against insinuations about prior relations. The ruling substantially limited the defendant's proof.

2. Quoted in *Packineau v. United States,* 202 F.2d 681, 686 (8th Cir.1953).

3. *Coker v. Georgia,* 433 U.S. 584, 97 S.Ct. 2861, 53 L.Ed.2d 982 (1977).

4. Section 566.030.2, RSMo Supp.1983, provides: Forcible rape or an attempt to commit forcible rape as described in subsection 1 of this section is a felony for which the authorized term of imprisonment, including both prison and conditional terms, is life imprisonment or a term of years not less than five years, unless in the course thereof the actor inflicts serious physical injury on any person, displays a deadly weapon or dangerous instrument in a threatening manner or subjects the victim to sexual intercourse or deviate sexual intercourse with more than one person, in which cases forcible rape or an attempt to commit forcible rape is a class A felony.

The judgment should be reversed and the case remanded for a new trial.