STATE of Missouri,
Plaintiff-Respondent,

v.

James H. BROWN,
Defendant-Appellant.

No. 68032.

Supreme Court of Missouri,
En Banc.

Oct. 14, 1986.

Rehearing Denied Nov. 18, 1986.

Janet M. Thompson, Kandice Johnson, Columbia, for defendant-appellant.

William L. Webster, Atty. Gen., Tim Anderson, Jennifer Fisher, Asst. Attys. Gen., Jefferson City, for plaintiff-respondent.

BILLINGS, Judge.

The Court granted transfer in this case to consider whether the trial court committed reversible error in excluding evidence tending to show defendant's reputation as a "good family man" and the relationship between defendant and other members of his family. The Court agrees with the opinion of the court of appeals and affirms defendant's sodomy conviction.

Defendant was jury-tried and convicted of sodomizing his 12–year-old step-daughter. He does not question the sufficiency of the evidence to support the jury's verdict, but urges an exception to the general rule that good character or reputation is established by proof of the defendant's general reputation and evidence of a defendant's specific acts, good or bad, is not admissible. *State v. Schmidt*, 530 S.W.2d 424 (Mo.App.1975).

Because the victim was a member of defendant's family at the time of the alleged crime, the defendant sought to elicit testimony from the victim's maternal grandmother regarding defendant's relationship with his step-daughter and with the rest of the family. Such testimony, defendant asserts, would be relevant to show the likelihood that he did not commit the offense charged. Defendant argues that this type of testimony is especially called for in this age when society has focused on the problem of sexual abuse of children.

The trial court is vested with broad discretion in ruling questions of relevancy of evidence and, absent a clear showing of abuse of that discretion, the appellate court should not interfere with the trial court's

ruling. *State v. Wood,* 596 S.W.2d 394 (Mo.1980).

■ Here, defendant's character was not an essential element of the charge, claim or defense. Consequently, the general rule is applicable that evidence concerning the defendant's character may only be shown by testimony as to his reputation—not by specific acts or conduct in the family setting.

Judgment affirmed.

HIGGINS, C.J., DONNELLY and RENDLEN, JJ., and TURNAGE, Special Judge, concur.

BLACKMAR, J., dissents in separate opinion filed.

WELLIVER, J., dissents and concurs in separate dissenting opinion of BLACK-MAR, J.

ROBERTSON, J., not sitting.

. BLACKMAR, Judge, dissenting.

The defendant, who apparently had no prior criminal record, was charged with an offense once described by our statutes as "detestable and abominable." § 563.230, RSMo 1969. The alleged victim was the only eyewitness. The jury, on finding him guilty, imposed a very harsh sentence. I believe that he was denied the opportunity to offer evidence which the jury might consider important in determining whether to believe him or to believe the prosecuting witness.

One of Missouri's most experienced and respected appellate judges, The Honorable Gerald M. Smith, expressed himself on this case as follows:

I must reluctantly concur. The law as stated in the majority opinion is the law of this state. I am disturbed about its application to this type of case.

The prosecutrix here was defendant's fourteen year old step-daughter. The emotional stability of the prosecutrix was less than ideal, and she had been a problem for defendant and his wife. The incident upon which the conviction was based occurred thirteen months prior to

the prosecutrix' report of it to her mother. The evidence which defendant sought to adduce came from the maternal grandmother of the prosecutrix, and dealt with the treatment by defendant of members of his family including children.

As society has become more aware of child abuse the number of prosecutions involving this type of crime has increased. As in this case, the evidence frequently consists mainly of the accusation by the child and the denial by the parent. I have serious reservations that the reputation of a defendant in the community has much relevance to his conduct within the family unit. Family relationships and conduct tend to be very private and not infrequently quite different than the public reputation and perceptions of the people involved. I suspect juries are well aware of that fact. On the other hand, testimony from a third party having intimate knowledge of the family relationships may have considerable relevance and probative value on the likelihood that a given defendant would commit a crime such as this. The very purpose of evidence of good character is to establish the unlikeliness that a particular defendant would commit the crime with which he is charged. In the area of abuse of a family member, the evidence of character which we permit has little probative value and that which we exclude has a great deal.

The precedents which constrained Judge Smith do not bind us. We may determine the evidentiary holdings appropriate to situations which have not previously been brought before the Court.

I do not understand that the defendant's counsel sought to introduce evidence of "specific acts or conduct". It appears to me, rather, that he sought to obtain a description of the family setting, in the hope that the jury would think it unlikely that a person who was a part of a satisfactory family relationship would be unlikely to commit the offense charged. I would not argue with the suggestion of the majority opinion of the Court of Appeals that the de-

fendant's offer of proof was not wholly satisfactory, but the trial judge made it clear that he would not allow any testimony along the lines sought to be introduced. Under these circumstances, the case should not turn on the sufficiency of the offer.

The principal opinion speaks of the trial judge's discretion. I am unable to perceive that the judge sought to exercise his discretion. He rather considered himself bound by the same rigid rules that fettered Judge Smith. I would formulate a more flexible rule which takes account of the significance of the family relationship, when the offense charged is an offense against the family relationship.

I hope I misunderstood the Assistant Attorney General when he apparently suggested that the courts should show less solicitude for the rights of an accused sex offender than they do for those charged with other criminal offenses. The more aggravated the offense and the harsher the punishment, the more careful we should be to let the defendant present his entire theory to the jury.

It appears to me that prosecutors are quick to object to offers of evidence which does not readily fit the conventional mode, and that trial judges often hastily sustain these objections. *See State v. Dixon,* 717 S.W.2d 847 (1986); *State v. Jones,* 716 S.W.2d 799 (1986) (Blackmar, J., dissenting). I would give the defendants a bit more leeway in presenting theories which are arguably material and which the jurors might consider helpful in making the important decisions they are charged with.