**STATE of Missouri, Respondent,**

v.

**Clyde H. WEILER, Appellant.**

**No. WD 42386.**

Missouri Court of Appeals,
Western District.

Nov. 20, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 2, 1991.

Application to Transfer Denied
Feb. 7, 1991.

Charles E. Atwell, Madonna L. Reeves, Kansas City, for appellant.

William L. Webster, Atty. Gen., John P. Pollard, Asst. Atty. Gen., Jefferson City, for respondent.

Before KENNEDY, P.J., and SHANGLER and GAITAN, JJ.

KENNEDY, Presiding Judge.

Defendant Clyde H. Weiler was convicted upon jury trial of one count of sodomy by deviate sexual intercourse, § 566.060, RSMo 1986, and two counts of first degree sexual abuse, § 566.100, RSMo 1986, with a sentence of five years' imprisonment on each count, to be served consecutively. The pathic was E.B., a female child under the age of 14 years, to wit, of the age of ten years between the dates of January 1, 1988, and May 19, 1988, when the offenses were alleged to have occurred.

The 73–year–old unmarried defendant was a friend of E.B.'s mother, and of her maternal aunt and her grandmother. He performed gratuitous services for them, including taking E.B.'s mother to and from her employment, baby-sitting E.B. and her two younger brothers, running various errands and the like. The evidence favorable to the verdict shows that the acts performed upon and with E.B. came within the statutory definition of the crimes with which defendant was charged, and there is no claim to the contrary.

The proof supporting the sodomy count was that defendant on an occasion at E.B.'s home had granted E.B.'s request for a quarter on condition that she perform fellatio upon him. E.B. acceded to the condition, herself unzipping his pants and taking his penis into her mouth as he sat in a chair and she knelt on the floor before him.

The evidence tending to prove the two first degree sexual abuse counts, § 566.100, RSMo 1986, was that defendant had placed his hand on E.B.'s breast and on her vagina.

■ Defendant on this appeal claims that the court erred in unduly restricting proof of E.B.'s sexual activities and propensities. This proof (offered by way of one of the State's witnesses other than E.B., and also by way of cross-examination of E.B. herself) was excluded by the trial court on the ground of the rape shield statute, § 491.015, RSMo 1986.

The evidence excluded by the court was this: E.B. was a frequent masturbator. She often masturbated before her friend

Tina, who was a witness for the State. She indicated to Tina that being around little boys made her "horny."

Defendant says that the excluded testimony would have made more credible defendant's testimony that E.B. one evening as defendant slept on the couch at E.B.'s residence unzipped his pants and was trying to get his penis into her mouth. This evidently referred to the incident described in the sodomy count, which was testified to by E.B. and also by E.B.'s friend, Tina, who was a witness to the transaction. Defendant reasons that the jury would assume that a ten-year-old child like E.B. was a sexual innocent and they would reject defendant's testimony. If they had known her sexual sophistication, says defendant, they would have found defendant's account more believable.

The rape shield statute has been interpreted to mean that evidence of prior sexual history is rigidly excluded which does not fit within one of the categories of evidence expressly permitted by the terms of subsection 1 of the rape shield statute. *State v. Jones,* 716 S.W.2d 799, 800 (Mo. banc 1986). Defendant says, however, that the exclusion of the evidence violated his Sixth Amendment guarantee of compulsory process, and his Fourteenth Amendment right to a fair trial, citing *Rock v. Arkansas,* 483 U.S. 44, 107 S.Ct. 2704, 97 L.Ed.2d 37 (1987), and *Pennsylvania v. Ritchie,* 480 U.S. 39, 107 S.Ct. 989, 94 L.Ed.2d 40 (1987).

We have recently held, in *State v. Douglas,* 797 S.W.2d 532 (Mo.App.1990), that the rape shield statute may not be applied mechanistically to exclude evidence which defendant is entitled to present, by way of cross-examination of witnesses against him or by means of witnesses called in his behalf, under his constitutional rights to confront witnesses against him and to present evidence in his own behalf. In so holding, we rejected the State's contention that *Jones* rigidly ruled out evidence of the pathic's prior sexual history which did not fit in one of the categories expressly permitted by the rape shield statute, *if* the exclusion of such evidence deprived defen-

dant of his constitutional right to a fair trial.

In the case before us, however, we believe the exclusion of the evidence of E.B.'s sexual practices was not prejudicial to defendant and did not deprive him of a fair trial. From the State's own evidence the jury could infer that E.B. was sexually aware, and the evidence defendant was not permitted to introduce would have added very little. Notice the following evidence which was before the jury without objection from the State's own witnesses: E.B. testified that she, in return for candy, money and toys, had been touching defendant's sexual organ (including fellatio) at his instigation since she was seven. E.B. had been the victim of "bad touching" by her father when she was "two or three" and was attending sessions at Metropolitan Organization to Counter Sexual Assault ("MOCSA"). Defendant transported her to and from the MOCSA meetings. Furthermore, E.B.'s familiarity with the male anatomy and the technique is clear from Tina's description of the act.

■ The evidence which was excluded would have no tendency to impeach E.B.'s credibility. E.B.'s consent to the acts with which defendant was charged was no defense and her consent was not an issue in the case. We have concluded that the exclusion under the rape shield statute of the evidence of E.B.'s sexual practices and proclivities was entirely correct.

■ The trial court did not err in denying defendant's motion for a psychological examination of E.B. No statute or rule authorizes such an examination, but we shall assume for present purposes the inherent power of the court to require it in a proper case. *See State v. Johnson,* 714 S.W.2d 752, 756–59 (Mo.App.1986). *See also* Note, *Compulsory Psychological Examination in Sexual Offense Cases: Invasion of Privacy or Defendant's Right?* 58 Fordham L.Rev. 1257 (1990). There is no evidence here of defendant's "compelling need" for such an examination in order to test the credibility or competency of E.B. Defendant cites only the evidence of E.B.'s precocious sexual awareness as ground for

the psychological examination, but this alone does not show any compelling need for a psychological examination. The trial judge was well within his discretion in denying defendant's motion therefor.

■ Defendant says the information is fatally deficient "because the information was indefinite and very unclear as to dates and locations." The charge that the offenses occurred in Jackson County, Missouri, between the dates of January 1, 1988, and May 19, 1988, is sufficiently specific as to time and place. Defendant's complaint against the information often appears in appeals by defendants in cases of sex offenses against children, and arguments like defendant's have been ruled against them time after time. *See State v. Higdon*, 774 S.W.2d 498, 500 (Mo.App. 1989); *State v. Meyers*, 770 S.W.2d 312, 315–16 (Mo.App.1989); *State v. Hoban*, 738 S.W.2d 536, 539–41 (Mo.App.1987); *State v. Ellis*, 710 S.W.2d 378, 383–84 (Mo.App. 1986); *State v. White*, 674 S.W.2d 551, 553–54 (Mo.App.1984); *State v. Allen*, 622 S.W.2d 275, 276 (Mo.App.1981); *State v. Kammerich*, 550 S.W.2d 931, 932 (Mo.App. 1977). We likewise rule defendant's criticism of the information untenable.

■ Defendant, alternatively to his motion to dismiss the information for lack of allegations of specific dates and places, moved for a bill of particulars. The court denied such motion, a ruling asserted by defendant as error on this appeal. A motion for a bill of particulars is addressed to the trial court's discretion, and its ruling should not be disturbed unless there is an abuse of discretion. *State v. Raines*, 748 S.W.2d 865, 869 (Mo.App.1988); *State v. Hafeli*, 715 S.W.2d 524, 527 (Mo.App.1986); *State v. Feeler*, 634 S.W.2d 484, 486 (Mo. App.1981); *State v. Cox*, 352 S.W.2d 665, 672 (Mo.1961). Only in rare cases, not including the present one, are the discovery tools provided by Rule 25 inadequate to enable defendant to pinpoint the offense sufficiently to prepare a defense thereto. The trial court did not abuse its discretion in denying defendant's motion for a bill of particulars.

■ Defendant complains of the admission of evidence of prior uncharged sexual offenses committed by defendant with or upon E.B. The trial court did not abuse its discretion in overruling defendant's objections thereto. A line of cases holds that, in trials of sexual offenses against a young child, evidence of a defendant's prior sexual offenses of the same character, especially with or upon the same person, are admissible to show a "common scheme or plan." *See State v. Taylor*, 735 S.W.2d 412, 418 (Mo.App.1987); *State v. V C*, 734 S.W.2d 837, 845 (Mo.App.1987); *State v. Sandlin*, 703 S.W.2d 48, 49 (Mo.App.1985); *State v. Smith*, 694 S.W.2d 901, 902 (Mo. App.1985); *State v. Koster*, 684 S.W.2d 488, 490 (Mo.App.1984); *State v. Dalton*, 587 S.W.2d 644, 645 (Mo.App.1979). The evidence of defendant's prior uncharged sexual offenses was admissible to show a common scheme or plan by defendant to engage in sexual activity with E.B.

■ Defendant says finally that the uncorroborated testimony of E.B. is insufficient to make a submissible case, because it was so contradictory and unconvincing as to leave the court clouded with doubts. He cites *State v. Kuzma*, 751 S.W.2d 54, 58 (Mo.App.1987), which speaks of the corroboration rule, requiring that the victim's testimony be corroborated in cases where such testimony is "so contradictory or in conflict with physical facts, surrounding circumstances, and common experience as to be unconvincing." *Id.* (quoting *State v. Sipes*, 651 S.W.2d 659, 660 (Mo.App.1983)). We do not find E.B.'s testimony either contradictory or unconvincing; it was not riddled with inconsistencies and contradictions, and, with respect to the sodomy count, was supported by the testimony of an eyewitness. The corroboration rule does not apply here, and the jury may therefore convict upon the uncorroborated testimony of the victim. *See id.; Sipes*, 651 S.W.2d at 660–62.

The judgment is affirmed.

All concur.