STATE of Missouri, Plaintiff/Respondent,

v.

David Edward CAMMACK, Defendant/Appellant.

No. 58895.

Missouri Court of Appeals, Eastern District, Division One.

July 9, 1991.

Brad B. Baker, Columbia, for defendant, appellant.

William L. Webster, Atty. Gen., Geoffrey W. Preckshot, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

KAROHL, Judge.

A jury convicted defendant, David Edward Cammack, of tampering in the first degree, § 569.090 RSMo 1986. The trial court sentenced defendant to five years imprisonment. On appeal defendant presents three allegations of error in an effort to have a new trial. Two points relate to voir dire and one to an evidentiary ruling. We affirm the judgment of conviction.

Defendant does not contest the sufficiency of the evidence. A brief statement of the facts is necessary to the disposition of the issues. On February 9, 1989, a van and an automobile travelling on a service road in O'Fallon, Missouri, attracted the attention of Police Officer Maret. He noticed neither vehicle bore a front license plate, and the vehicles had identical rear license plates. Officer Maret kept the vehicles under surveillance as they pulled into a gas station. The automobile left the gas station while defendant, driver of the van, entered the washroom.

Officer Maret approached the gas station in order to investigate the van. He observed broken glass and damage to the steering column. He also discovered tools used to steal vehicles, a dent puller and a screwdriver, in the van. Officer Maret apprehended defendant as he exited the washroom. Officer Maret seized a pair of men's gloves from the washroom. The police did not find fingerprints in the van.

■ In his first point relied upon, defendant alleges the trial court abused its discretion in overruling his motion to strike the entire venire panel "after numerous venirepersons stated they could not find [defendant] not guilty unless he testified, even though some venirepersons later stated that they could follow the trial court's instructions." In his second point, defendant alleges the trial court committed plain error when it overruled his challenge for cause to venirepersons Rushing and Tapia. Defendant argues Rushing and Tapia equivocated when asked whether they could follow the trial court's instruction regarding the state's burden of proof.

During voir dire examination on behalf of defendant, defense counsel informed the panel defendant intended to testify. Counsel then attempted to ascertain whether the venirepersons could find defendant not guilty if the state did not meet its burden of proof. Counsel asked: "Is there anybody who feels, in other words if they have to hear both sides of the story." A colloquy ensued wherein numerous venirepersons acknowledged they would like to hear both sides of the story before they made their decision. The confusion over the presumption of innocence became apparent when a venireman stated: "Can I ask something? We're going to hear both sides anyhow. You mean hearing his side from him rather than you?"

The court interjected: "I think perhaps you should offer the qualification that if defendant elected not to testify." Counsel rephrased the question: "If the defendant elected not to testify, and he elected not to put on any evidence whatsoever, and at the end of the State's evidence you are not convinced beyond a reasonable doubt of his guilt, would you be able to make a decision then?" Aside from venirepersons Alcorn, Kesselheim, Smith and Campbell, who were later removed for cause, the members of the venire recanted.

Defense counsel moved to strike the whole panel based upon the confusion which arose over the presumption of innocence. In response the court read Instruction MAI–CR 3d 308.14, the right of defendant to refrain from testifying. The court then inquired of several venirepersons whether they could follow the instruction. All answered in the affirmative. The court did not make individual inquiries of venirepersons Rushing and Tapia. However, the court asked the panel: "Is there any person who could not follow that instruction? I see none."

Defendant concedes there are no cases in Missouri where remarks by venirepersons require the disqualification of an entire panel. However, defendant contends the instant case required such action.

"The trial court is vested with broad discretion in determining whether a jury panel should be dismissed." *State v. Releford,* 750 S.W.2d 539, 543 (Mo.App.1988). "Defendant bears the burden of showing prejudice when he claims the impartiality of the panel was tainted by comments made during voir dire." *State v. Reed,* 789 S.W.2d 140, 141 (Mo.App.1990).

Defendant has not shown the impartiality of the panel was tainted or he was prejudiced. Defense counsel's mode of questioning the venire regarding the presumption of innocence confused the panel. The majority of the venire panel did not indicate it would hold anything against defendant if he did not testify. Rather, possessed with the knowledge that defendant intended to testify, some venirepersons indicated they would prefer to hear defen-dant's testimony prior to making a decision. Furthermore, the court interjected itself into voir dire twice and remedied the confusion. Once the trial court aided defense counsel in the questioning. Also, the trial court conducted its own interrogation of the panel after reading the applicable instructions. In both cases all venirepersons, except those later removed for cause, indicated they could follow the instructions and would not draw an inference of guilt from defendant's failure to testify.

■ Defendant requests plain error review under Rule 30.20 of the trial court's denial of his challenge for cause of venirepersons Rushing and Tapia. Under plain error, we review for manifest injustice or miscarriage of justice resulting from plain error affecting substantial rights.

"An accused is entitled to a full panel of qualified jurors before he is required to expend his peremptory challenges." *State v. Edwards,* 740 S.W.2d 237, 238 (Mo.App. 1987). To qualify as a juror, the venireperson must be free of bias and prejudice. *State v. Walton,* 796 S.W.2d 374, 377 (Mo. banc 1990). "In determining when a challenge for cause should be sustained, each case must be judged on its facts." *State v. Steward,* 692 S.W.2d 295, 298 (Mo. banc 1985). Here, the unartful questioning by defense counsel caused confusion. Both the court and defendant asked the venire panel if they could follow Instruction MAI–CR 3d 308.14. Rushing and Tapia indicated verbally to defense counsel they would be able to consider defendant innocent if he elected not to testify and if the state had not proven every element beyond a reasonable doubt. Rushing and Tapia also indicated to the court during its questioning by their silence, that they could follow Instruction MAI–CR 3d 308.14. This was a sufficient basis for the trial court to find Rushing and Tapia were able to follow Instruction MAI–CR 3d 308.14. *See State v. Holland,* 719 S.W.2d 453, 454 (Mo. banc 1986). Thus, the trial court did not commit error, plain or otherwise, when it denied defendant's challenge for cause.

■ In his third point relied upon, defendant alleges the trial court committed plain

error by failing to declare a mistrial *sua sponte* after admonishing the jury to disregard a pair of men's gloves offered as an exhibit by the state. Defendant argues the prejudicial effect of the withdrawn exhibit was emphasized in the mind of the jury by the trial court when the instruction to disregard was given after the state's closing argument. The court received the gloves in evidence, over defendant's objection, subject to a later ruling. Defendant does not object to the ruling itself. He objects to the timing thereof. Since no request for mistrial was made, the point is not preserved and review is limited to plain error, Rule 30.20. *State v. Morant,* 758 S.W.2d 110, 118 (Mo.App.1988).

The issue is whether the timing of the ruling made by the trial court resulted in manifest injustice or a miscarriage of justice? We think not. The gloves were withdrawn from evidence after the state's closing argument but before defendant's. We observe the state did not refer to the gloves in its argument, while defendant had the benefit of the ruling before giving his argument. Moreover, after the court directed the jury to disregard any evidence of the gloves, he questioned the jury.

Is there any of you who would have difficulty following that Court's instruction? I see no response. Further, are there any of you who would give undue weight to that because it was done at a time—should have been done earlier—does everybody understand that it should have been done prior to the reading of the instructions? Can you take that as being done at that time? I see no hands.

This point also fails. Accordingly, the judgment is affirmed.

PUDLOWSKI, P.J., and GRIMM, J., concur.