**STATE of Missouri, Respondent,**

v.

**Larry RICHARDSON, Appellant.**

**No. 60763.**

Missouri Court of Appeals,
Eastern District,
Division Seven.

Aug. 18, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
Sept. 16, 1992.

Application to Transfer Denied
Oct. 27, 1992.

Elizabeth Haines, St. Louis, for appellant.

William L. Webster, Atty. Gen., Hugh L. Marshall, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Chief Judge.

A jury convicted defendant, a prior and persistent offender, of possession of a controlled substance, § 195.202, RSMo Cum. Supp.1990.[1] The court sentenced him to a sixteen year term of imprisonment. Defendant raised five points on appeal. We only address the following two. He contends the trial court erred in: (1) excluding a videotape of the crime scene; and (2) subjecting him to a minimum prison term of sixty percent of his sentence. We reverse and remand for a new trial.

The evidence supported the guilty verdict. On November 15, 1990, two St. Louis City police officers were on patrol in an area that included the 3000 block of Newstead. There had been reports of a number of people loitering, drinking, and selling drugs in the area. The officers dispersed a group of eight or nine people gathered in front of 3009 Newstead shortly after 3:00 p.m. Defendant was among the group. That evening, the officers returned to the area and entered from the rear of a vacant building at 3008 Newstead for surveillance purposes. They observed defendant through a window as he sat down on some steps between 3008 and 3010 Newstead, handled a white plastic bottle, removed something from it, and replaced the bottle in some shrubs. The two officers left their surveillance spot, drove around to the front of the building and approached defendant. One officer detained him while the other retrieved the white container hidden in the bushes. They arrested defendant for possession of the 27 capsules of heroin found in the container.

An amended information charged defendant with possession of a controlled substance in violation of § 195.202, punishable as a prior drug offender and a persistent offender who had served at least 120 days in the department of corrections, §§ 195.-

---

1. Statutory references are to RSMo Cum.Supp. 1990 unless otherwise indicated.

285, 558.011, 558.019. Defendant was found guilty on July 31, 1991. The court sentenced him to an enhanced term of sixteen years, minimum term of sixty percent of his sentence. This appeal followed.

In his first point defendant contends the trial court abused its discretion in refusing to admit a videotape of the crime scene into evidence, made and offered halfway through the trial. He claims it was relevant and material on the issue of credibility of the state's witnesses whose testimony was indispensable to the verdict.

The videotape was made by defendant, his counsel, and a third party the afternoon of the second day of trial. The state's witnesses had finished testifying and defense counsel was attempting to rebut the officers' testimony. The videotape depicted the boarded up vacant building from which the police officers indicated they observed defendant stash a container of drugs before arresting him. The state moved to exclude the tape upon learning of its existence. The trial court, the prosecutor, and defense counsel viewed the four minute videotape outside the presence of the jury, and defense counsel made a formal offer of proof. Afterwards, the state objected to its introduction because: (1) defendant failed to comply with Rule 25.05 pertaining to discovery, (2) the tape was an irrelevant and inaccurate depiction of the crime scene, and (3) it lacked a proper foundation. The trial court sustained the state's motion to exclude the videotape "in all respects." We examine each of these grounds in order.

 Subject to constitutional limitations, Rule 25.05 mandates defendant disclose to the state requested material *within his possession* or control which he intends to introduce in evidence at trial. Defendant had no greater access to the crime scene than the state, so any potential pictorial reproduction of the crime scene could not be said to be in defendant's control. Defense counsel turned the videotape over to the state as soon as he made it, so he never failed to disclose evidence physically within his possession. Finally, the videotape was created after the officers' testi-mony. The state's claim that defendant purposefully postponed making the videotape to avoid discovery rules and surprise the state at trial is unsupported, and the state did not contend it would be prejudiced by allowing the jury to view the videotape. Discovery rules are not intended to prevent defense counsel's ongoing efforts to prepare the best defense available under the circumstances. Moreover, trials are organic in nature; as testimony comes in, strategies may change. On these facts, we find no violation of the letter or the spirit of Rule 25.05(A)(3).

The state's reliance on *State v. Parson*, 815 S.W.2d 106 (Mo.App.1989), where photographs of the crime scene taken on the eve of trial were excluded, is misplaced. In *Parson*, the photographs existed and were in the possession of defendant before the trial began, and he never showed them to the state before attempting to introduce them to impeach a state's witness. We find the present case factually closer to *State v. Souders*, 703 S.W.2d 909, 911 (Mo. App.1985), where the denial of sanctions for failure to produce a report was proper because the report in question was not shown to be within the possession or control of the party seeking its use by a witness at trial. The state's argument that defendant violated a discovery rule "prior to" trial is both unsupported by the facts and erroneous as a matter of law.

 Whether evidence is relevant, whether probative value outweighs prejudicial dangers, is for the trial court to decide and its decision will not be disturbed unless its discretion is abused. *State v. Ray*, 637 S.W.2d 708, 709 (Mo. banc 1982), *overruled on other grounds*, *State v. Jones*, 716 S.W.2d 799, 800 (Mo. banc 1986). Evidence need only be relevant, not conclusive, and it is relevant if it logically tends to prove a fact in issue or corroborates relevant evidence which bears on a principal issue. *State v. Mercer*, 618 S.W.2d 1 (Mo. banc 1981).

 The only disputed issue of significance was whether the police officers could have observed defendant with the bottle containing heroin capsules from the win-

dow of the vacant building. If the videotape supported defendant's claim that the observation window was boarded closed when the officers looked through it, then the videotape was relevant. The testimony of the officers and defense witnesses was directly in opposition on those points. Credibility, while always relevant, is particularly critical, if not decisive, on these facts.

The final question involves whether defendant laid a proper foundation. Defendant informed the court two defense witnesses were prepared to testify that the scene displayed in the videotape was exactly the same as the scene on the date of his arrest. Defendant also argued that the videotape would allow the jury to estimate the age of the boards covering the windows and door of the building used for surveillance. Although the officers acknowledged during their testimony the building used for surveillance was boarded up at the time of trial, defendant maintained that it was boarded up before the arrest. Defendant further claimed that even if the videotape were not probative as to *when* the building was boarded up, the tape showed that a porch blocked the view of the area where the officers claimed to have observed the defendant from their vantage point inside.

The state replied that the videotape did not show anything defendant claimed it showed, and that the conditions at the time of the arrest were so different as to render the videotape irrelevant. Specifically, the videotape was taken during the daytime and the crime occurred at night; the videotape gave no indication as to when the boards were placed on the windows; and the tape cannot purport to show that the view of the officers was impaired by a porch when the cameraman did not make the film from their vantage point inside the building.

We have viewed the videotape. It is not possible to discern when the boards were attached to the building; it was taken from outside the building. However, the differences in conditions existing at the time pictorial evidence is created from the time of the alleged crime generally go to the weight of the evidence, not its admissibility. *State v. Redding*, 357 S.W.2d 103, 109 (Mo.1962). Moreover, the differences in conditions contained in this videotape actually cut in favor of the state in that the window of the boarded up building appears strikingly close to the adjacent sidewalk and shrubs during the bright daylight. But the decisive point is the offer of live witnesses that the tape depicted conditions as they were at the time the officers testified they observed defendant commit the charged crime. The offer of proof was sufficient to present an adequate foundation. It was error not to allow a viewing by the jury. The rejected evidence would have directly questioned the officers' incriminating testimony. A new trial is the only available remedy.

Defendant's second, third and fourth points are without merit and unlikely to reoccur. Consequently, a lengthy discussion would serve no purpose. These points are denied.

Defendant's final point alleges trial court error in subjecting him to a minimum prison term of sixty percent of his sentence pursuant to § 558.019, a provision which only applies to class A or B felonies. Defendant was charged with and convicted of possession of a controlled substance, a class C felony under § 195.202, and § 195.-285.1 directed the trial court to sentence him to the authorized term of imprisonment for a class B felony. Essentially, defendant asserts that § 195.285 authorizes a greater sentence but does not operate to change the classification of the charged crime.

Defendant formerly pled guilty to a drug related felony. Section 195.285.1 provides: "Any person who has pleaded guilty to or been found guilty of a violation of subsection 2 of section 195.202 shall *be sentenced to the authorized term of imprisonment for a class B felony* if the court finds the defendant is a prior drug offender." (our emphasis).

Section 558.019.2 designates minimum prison terms for certain repeat offenders. Defendant pled guilty to two prior felonies,

one being drug related, and was found to have been incarcerated at least 120 days. Accordingly, the trial court applied subsection 2 of § 558.019.2 and ordered a minimum term of sixty percent of his sentence. However, § 558.019.2 begins "[t]he provisions of this section shall be applicable only to class A and B felonies committed under the following Missouri laws: chapters 195, ...." Defendant was charged with and convicted of a class C felony. The question presented is whether a possession charge under § 195.202, a class C felony, may be treated as an A or B felony so as to authorize a § 558.019.2 sentence.

This appears to be a matter of first impression in Missouri. The state's argument is brief. It relies on § 195.275.4 which states, "the provisions of sections 195.285 to 195.296 shall not be construed to effect and *may be used in addition to* the sentencing provision of sections 558.016 and 558.019, RSMo." (our emphasis). The state then argues "[i]t is clear from this that the legislature intended for [defendant's] offense to be regarded as a class B felony both for purposes of enhancement under § 558.016 and for purposes of establishing a minimum prison term under § 558.019."

 The state's position is a possible interpretation of §§ 195.202, 195.275, and 195.285 of the Comprehensive Drug Control Act. Section 195.202 defines only class C felonies and lesser offenses. Section 195.285 refers only to § 195.202 and directs a class B sentence for a class C felony for prior and persistent drug offenders. Section 195.275 specifically mentions the applicability of § 558.019 with § 195.285. However, § 195.202 defines defendant's crime as a class C felony. The state fails to reconcile the limiting language of § 558.-019. The issue is not one of "double enhancement." It is one of definition of the classification of the charged crime. None of the sentencing sections reclassify the crime from a class C felony.

Strict statutory construction compels the conclusion § 558.019 does not apply to defendant because he was not convicted of a class A or B or dangerous felony. *State v. Green*, 812 S.W.2d 779, 783 (Mo.App.1991). In the event sentencing becomes necessary on retrial, the court may not rely on § 558.019 which considers only class A and B felonies.

We reverse and remand for a new trial.

PUDLOWSKI and CRANDALL, JJ., concur.