

# In the
# Missouri Court of Appeals
## Western District

| | | |
|---|---|---|
| **STATE OF MISSOURI,** | ) | |
| | ) | |
| **Respondent,** | ) | **WD86122** |
| | ) | |
| **V.** | ) | **OPINION FILED:** |
| | ) | **APRIL 9, 2024** |
| **HARVEY OSCAR PENDLETON,** | ) | |
| | ) | |
| **Appellant.** | ) | |

**Appeal from the Circuit Court of Morgan County, Missouri**
The Honorable Matthew Phillip Hamner, Judge

Before Division Four:  Gary Witt, Chief Judge, Presiding, Alok Ahuja, Judge and
Edward R. Ardini, Jr., Judge

Harvey Oscar Pendleton ("Pendleton") appeals the judgment of the Circuit Court

of Morgan County, Missouri ("trial court"), convicting him of two counts of statutory

sodomy in the first degree, section 566.062[1] following a jury trial.  On appeal, Pendleton

argues that the trial court abused its discretion in refusing to strike the entire venire panel.

We affirm the judgment and sentence of the trial court.

**Factual and Procedural Background**

---

[1] All statutory references are to the Revised Statutes of Missouri (2016), as currently
updated by supplement.

On September 11, 2021, A.M.[2] ("Victim") was visiting Pendleton and his wife ("Wife") at Pendleton's home; Victim was thirteen years old at that time. Pendleton, Victim, and Wife were all in Pendleton's bedroom. Pendleton began touching Victim inappropriately, and Wife left the bedroom to watch a football game in another room. Pendleton kept touching Victim, eventually putting his fingers in her vagina and getting Victim to put Pendleton's penis in her mouth. Victim then left Pendleton's room and told Wife she was ready to go home.

On September 25, 2021, Victim returned to Pendleton's house because she did not want it to "seem like anything was wrong." When Wife went outside to mow the lawn, Pendleton began to touch Victim again on the outside of her clothing. Victim told Pendleton she needed to go outside to get some air, and she called her mother to come pick her up. Victim told her mother what Pendleton had done, and they called law enforcement, who came to interview Victim and later interviewed Pendleton at his home. When police interviewed Pendleton, he twice told them that Victim was lying but then admitted that his fingers had entered Victim's vagina and that his erect penis had been in her mouth. Although Pendleton had had shoulder surgery between September 11 and September 25, he was able to walk and was not wearing a sling on his arm when police arrived to interview him.

Pendleton was charged with two counts of statutory sodomy in the first degree, section 566.062, for having deviate sexual intercourse with someone less than fourteen

---

[2] Pursuant to section 509.520, we do not list the names of witnesses other than parties.

years old and with one count of child molestation in the third degree, section 566.069.

During *voir dire* at Pendleton's jury trial, the State asked the venire panel:

Is there anybody here that thinks that the child's actions, that they would be partially to blame for any type of molestation? I don't see any hands going up.

Is there anyone here that believes that a child can force a sexual act on an adult? I don't see any hands.

Anyone here that believes that a [thirteen]-year-old can rape an adult male? I see no hands.

When Pendleton's counsel questioned the venire panel, he asked:

And this kind of follows along with a question [Prosecutor] asked, and that was in regards to an individual who—does anyone believe that an older gentleman could be raped or assaulted by a child, and no one raised their paddle.

And what I'm asking is, I want to know whether someone would be able to keep an open mind about something that will be proposed that will be similar to that. So if you—I want to know, I guess, by raise of paddles, is there anyone here who could still keep an open mind in regards to the evidence that will be produced? And this goes back to what [Prosecutor] has talked about, what I've tried to mention earlier on, which is that fair and impartial jury and trial.

Ultimately part of being impartial and fair is keeping an open mind and paying attention to the evidence that is produced where we would not automatically decide based off of that bias.

So is there anyone here who—based off of everything that we have discussed today, anyone here who would not be able to keep—or anyone here who is still willing to keep an open mind going forward in this case? I would hope to see a few paddles. I do see quite a few.

3

Following *voir dire*, Pendleton moved to strike the "entire jury panel because they can't believe that I said a 13-year-old can rape a 70-year-old." The trial court denied Pendleton's motion, which he renewed several times throughout the trial.

The jury heard testimony from Victim, saw the interviewing detective's body camera video of Pendleton's interview, and heard the testimony of the detective. They convicted Pendleton of the two counts of statutory sodomy and acquitted him of the count of child molestation. Pendleton was sentenced to twenty years' imprisonment on each of the two counts for which he was found guilty, sentences to run concurrently.[3] This appeal follows.

## Standard of Review

"A defendant in a criminal case is entitled to a full panel of qualified jurors before he is required to make his peremptory challenges." *State v. Evans*, 701 S.W.2d 569, 572 (Mo. App. E.D. 1985). "The trial court has wide discretion in determining the qualifications of [venirepersons] and its ruling on a challenge for cause will not be disturbed in the absence of a clear abuse of discretion." *Id.* Defendant bears the burden of showing prejudice when he claims partiality on the part of the panel. *State v. Cammack*, 813 S.W.2d 105, 107 (Mo. App. E.D. 1991). The trial court is in the best position to determine the qualifications of the jury panel because it can judge the

---

[3] We note section 558.026.1 requires multiple sentences of imprisonment imposed for separate counts of statutory sodomy in the first degree to run consecutive to each other. The State did not appeal the concurrent sentences imposed by the trial court, and does not address the issue in its briefing; accordingly, we do not address this issue further.

demeanor of venirepersons as well as their answers to *voir dire* questions. *Evans*, 701 S.W.2d at 572.

## Analysis

In his single point on appeal, Pendleton claims that the trial court abused its discretion in refusing to strike the entire jury venire panel because no one held up a paddle when the prosecutor asked whether anyone believed that a child could force a sexual act on an adult or that a thirteen-year-old girl could rape an adult male. Pendleton argues that the panel's belief that a child could not rape an adult male, evidenced by no affirmative answers to the prosecutor's questioning, establishes that the entire panel would not fairly and impartially consider the evidence of Mr. Pendleton's chosen theory of defense that a child could force herself sexually on an adult. However, Pendleton is incorrect as to both the jury panel's alleged inability to consider his defense and to the viability of his defense at his trial.

First, as Pendleton's trial counsel's follow-up questioning of the panel shows, there were "quite a few" venirepersons who responded that they would be willing to "keep an open mind going forward in this case" as to whether "an older gentleman could be raped or assaulted by a child[.]" Counsel did not make any effort to identify which venirepersons raised their paddles to his question, other than noting "I do see quite a few." In addition, the trial court was quite generous with strikes for cause, striking for cause virtually everyone whom Pendleton's counsel sought to strike individually. Also, the prosecutor brought one venireperson to Pendleton's counsel's attention who, based on the prosecutor's knowledge, had not been forthcoming with that venireperson's prior

5

experience.  Pendleton does not point to any particular juror whom he believes exhibited improper bias and was not rehabilitated by *voir dire* questioning.

Moreover, Pendleton's theory of defense is not a legal defense to the charged offenses of statutory sodomy.  As the prosecutor pointed out to the jury during closing arguments, consent or acquiescence by a child victim is not a defense to statutory sodomy, because the victim is legally considered incapable of consenting.  Section 566.020.3; 566.062; *State v. Weiler*, 801 S.W.2d 417, 419 (Mo. App. W.D. 1990).  Accordingly, even if Victim were a willing participant and even if she initiated the encounter, as Pendleton told police during the bodycam-recorded video that was presented at trial, it is not enough to establish that she "forced" Pendleton to engage in deviate sexual intercourse with her or that she raped him.  On the contrary, the video shows that Pendleton, despite a shoulder injury, is mobile, is able to walk and speak, and could have ended the encounter long before his fingers found their way into Victim's vagina or his erect penis entered her mouth, especially considering Wife was in the next room.  Pendleton presented *no* evidence at trial that Victim forced herself on him.  Indeed, Pendleton cites no legal authority that even if he had presented evidence that Victim had somehow "forced" him to engage in deviate sexual intercourse with her, it would be a valid defense to his criminal charges.

Because Pendleton has shown neither that the entire venire panel was biased and should have been disqualified, nor that his defense was prejudiced in any way, we deny his point on appeal and affirm the judgment and sentence of the trial court.

_____
Gary D. Witt, Chief Judge, Presiding

All concur