STATE of Missouri, Respondent,

v.

Robert HAMPTON, Appellant.

No. 40033.

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 27, 1979.

Motion for Rehearing and/or Transfer to
Supreme Court Denied April 13, 1979.

Michael P. David, Asst. Public Defender, 22nd Judicial Circuit, St. Louis, for appellant.

GUNN, Judge.

The defendant was convicted of exhibiting a dangerous and deadly weapon in a rude, angry and threatening manner—a § 564.610, RSMo 1969 violation. His appeal contends: (1) that the trial court erred in allowing evidence of other crimes; and (2) that inasmuch as the victim did not see the weapon there was insufficient evidence to support the conviction. We affirm.

The manager and another employee of a St. Louis Kroger store observed the defendant helping himself to some hams in the back of the store by placing them in a large paper bag. When the defendant made an effort to leave the store without paying for the hams the store manager grabbed him by the arm to stop him. The two grappled, with the bag of hams spilling onto the floor. During the course of the struggle, the defendant produced an open knife and made the threat that he would kill the manager. Two store employees intervened, wrested the knife from defendant and held him for police. The store manager did not see the knife until the ordeal was over and saw it being picked up from the floor by one of the employees.

Defendant first argues that the testimony regarding the ham theft was impermissible reference to another crime. This point is without merit. As stated in *State v. Dooley*, 549 S.W.2d 677, 680 (Mo. App.1977): "A certain amount of background information . . . is admissible as part of the res gestae. This principle applies where the acts in question 'preceded the offense immediately or by a short interval of time and tends to elucidate a main fact in issue.'" Here, the reference to defendant's taking the hams was part of the episode leading to the crime charged against him. It was proper background information necessary to help the jury understand the case. The testimony regarding the hams was "inextricably woven into the pattern of facts necessary to prove the charge made and [its] excision . . . is impossible." The defendant must suffer the consequences of his own behavior. *State v. Herron*, 565 S.W.2d 743, 746 (Mo. App.1978). See also *State v. Milentz*, 547 S.W.2d 164 (Mo.App.1977).

As the victim of the assault did not see the knife until it fell to the floor,

defendant contends that the state failed in its proof of the crime. Defendant's argument overlooks the fact that the essence of the offense charged is *exhibiting* a dangerous and deadly weapon in a rude, angry and threatening manner. The knife as used by defendant was a dangerous and deadly weapon. *State v. Baldwin*, 571 S.W.2d 236 (Mo. banc 1978). It is undisputed that the defendant exhibited and wielded the knife in a most rude, angry and threatening manner. Two witnesses saw the knife plainly exhibited and wrested it from him. The defendant threatened to kill the store manager before he was disarmed. The evidence is abundantly sufficient to support the conviction. It is immaterial that the victim failed to see the knife, but it was truly exhibited in a manner in violation of the statute.

Judgment affirmed.

REINHARD, P. J., and CRIST, J., concur.