STATE of Missouri, Plaintiff–Respondent,

v.

Darrell L. JACOBS, Defendant–Appellant.

No. 53642.

Missouri Court of Appeals, Eastern District, Division Three.

June 7, 1988.

---

Paula P. Bryant, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., Jared Richard Cone, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

KAROHL, Presiding Judge.

Darrell L. Jacobs was charged with stealing in violation of Section 570.030 RSMo 1986. The trial court sentenced Jacobs as a persistent offender to five years imprisonment. Jacobs appeals for a new trial stating that the trial court erred on three grounds: 1) in denying Jacobs' Motion for Acquittal at the close of State's evidence because the evidence admitted was insufficient to establish that Jacobs appropriated merchandise from Famous–Barr with the purpose of stealing; 2) in denying Jacobs' request that circumstantial evidence instruction MAI–CR 3D 310.02 be submitted to the jury, because 310.02 must be given where State's case is entirely circumstantial; and, 3) in overruling Jacobs' objection to the State's Motion in Limine forbidding Jacobs from mentioning Jacobs' sister and her employment with Famous–Barr in closing argument. We affirm.

On December 3, 1986, Jacobs walked through the first set of double doors at the Famous–Barr exit at 7th and Olive Street carrying merchandise belonging to Famous–Barr. The security guard at Famous–Barr, Michael Wayne Betzer, stopped Jacobs in the foyer between the two sets of doors. Famous–Barr security guards had previously warned Jacobs that if he returned to the store he would be arrested for trespassing. The confrontation was for trespassing in violation of the warning. Betzer quickly learned that Jacobs was carrying ten shirts and wearing a trench coat all of which still bore their Famous–Barr price tags. Jacobs had not paid for the shirts or coat.

■ First, we address Jacobs argument that insufficient evidence exists to establish that he "appropriated merchandise from Famous–Barr with the purpose to deprive Famous–Barr" because the State presented only circumstantial evidence. "... The appellate court's function is not to weigh the evidence but to determine only whether there was sufficient evidence from which reasonable persons could have found defendant guilty as charged." *State v. Barber*, 635 S.W.2d 342, 343 (Mo.1982). In making such a determination the court considers the evidence and all reasonable inferences in the light most favorable to the verdict, and will disregard all contrary evidence and implications. *State v. Guinan*, 665 S.W.2d 325, 327 (Mo. banc 1984), *cert. denied*, 469 U.S. 873, 105 S.Ct. 227, 83 L.Ed.2d 156 (1984).

Jacobs bases his argument of insufficient evidence on the premise that the State's case is wholly circumstantial. We disagree with the premise. Betzer stopped Jacobs after Jacobs exited one set of double doors leading to the outside. Jacobs was carrying ten shirts and wearing one trench coat. All the items bore price tags. Jacobs had not paid for the merchandise. The evidence against Jacobs is direct evidence of guilt of the charge. Jacobs appears to confuse the inference from these facts that he was stealing with the concept of circumstantial evidence. Indeed the direct evidence and the inference was strong and sufficient to sustain his conviction. *See, State v. Jelks*, 672 S.W.2d 722, 723 (Mo. App.1984).

In his first point on appeal, Jacobs basically requests that the court reweigh the evidence. The jury's function is to assess the credibility of witnesses and to assign weight to their testimony. Therefore, reweighing the evidence is outside the scope of the appellate court review. *State v. Sherman*, 637 S.W.2d 704, 707 (Mo. banc 1982).

■ In Jacobs' second point on appeal he contends that the trial court erred in denying Jacobs' request that the court provide the jury with instruction MAI–CR 3D 310.02. This instruction explains to the jury the weight and the significance of circumstantial evidence. The instruction MAI–CR 3D 310.02 must be given only "if all of the evidence in the case is circumstantial evidence" MAI–CR 3D 310.02, Notes on Use. Consequently, this claim fails on the same grounds as his first point: the State's case

is not entirely circumstantial. We reiterate that Betzer stopped Jacobs in the foyer of Famous–Barr with the store's merchandise on his person. Jacobs had not paid for the items. These facts were proven by direct, not circumstantial, evidence. Therefore, it was not necessary that the trial court provide the jury with MAI–CR 3D 310.02.

■ Finally, Jacobs claims that the trial court erred in granting State's Motion in Limine precluding Jacobs from mentioning his sister *in closing argument.* Closing argument is confined to matters supported by evidence. Further, the trial court has broad discretion in monitoring closing arguments. We will remand for such error only if we find that the trial court clearly abused its discretion. *State v. Williams,* 721 S.W.2d 102, 107 (Mo.App.1986).

In the instant case, Jacobs did not testify. Nor did he offer any evidence during trial that he had a sister who worked at Famous–Barr through whom he hoped to purchase the merchandise and take advantage of her employee discount in purchasing the merchandise. For an unrelated purpose he did offer the testimony of an employee of the victim. Security guard Betzer did not recall, when asked during cross-examination, whether or not Jacobs mentioned a sister who worked at Famous–Barr or her employee discount. Because closing argument is not the appropriate moment to have the jury "consider additional facts," it would have been improper to permit introduction of such evidence in closing argument. *State v. Fuhr,* 660 S.W.2d 443, 448 (Mo.App.1983), *State v. Williams,* 674 S.W.2d 46, 49 (Mo.App.1984).

We affirm.

SMITH and KELLY, JJ., concur.