STATE of Missouri, Respondent,

v.

Charles H. SMITH, Defendant–Appellant.

No. ED 84364.

Missouri Court of Appeals, Eastern District, Division Four.

March 8, 2005.

Ellen H. Flottman, St. Louis, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Linda Lemke, Asst. Atty. Gen., Jefferson City, MO, for respondent.

LAWRENCE E. MOONEY, Presiding Judge.

The defendant appeals from the judgment entered after a jury found him guilty of forcible rape and attempted victim tampering. Because the trial court erred in excluding corroborating evidence of a videotape that elucidated the immediate surrounding circumstances of the alleged crimes, the judgment is reversed and the cause is remanded for a new trial.

We recount the State's version of events. In January 2002, the victim and Jonathan Young began dating. On the evening of January 31, 2002, Young drove the victim to the defendant's house where the defendant lived in the basement. Before that night, the defendant and the victim had never met. After the defendant left the basement, Young and the victim had consensual sex and shortly thereafter Young went outside. After Young left the basement, the defendant threatened the victim with a gun and committed forcible sodomy and forcible rape. The defendant took the victim's driver's license and told her that if she told anyone what happened, he would kill her.

Now we recount the defendant's version. On January 31, 2002, Young called the defendant and said that he was bringing a woman who was "down for anything" including a possible threesome. Shortly after arriving at the defendant's house, Young went and got a camcorder from his truck. At some point, Young told the defendant that he was going to videotape himself, the defendant, and the victim having a threesome. The defendant went outside and, when he returned, he saw Young videotaping the victim on the bed masturbating. The victim became angry at the defendant for barging in and the two began to argue. Young and the defendant went to a washroom and Young told the defendant to "chill out" and that if he made the victim mad, she would not be willing to go ahead with the "plans." When Young and the defendant returned to the bedroom, they had consensual sex with the victim.

The defendant was charged with forcible sodomy, forcible rape, and attempted victim tampering. The defendant filed a motion pursuant to section 491.015 RSMo. 2000, to present evidence at trial of the victim's prior sexual conduct. The defendant argued that section 491.015 permits admission of the evidence because the conduct was intended to prove consent and was evidence of the immediate surrounding circumstances of the alleged crimes. The State filed a motion in limine to exclude evidence of the victim's prior sexual conduct. During argument on the motions, the defendant's counsel stated that he was requesting to present evidence of, among other things, a videotape made at the defendant's house on January 31, 2002, in which Young taped the victim masturbating.[1] The trial court ruled that the defendant could adduce evidence regarding the consensual sex between Young and the victim, but also ruled that the defendant could not adduce evidence regarding the videotape.[2] The trial court informed the defendant's counsel that he could not discuss the videotape during opening argument and during his cross-examination of the victim and Young. At some point, the court apparently ruled that the defendant could testify as to his version of what

occurred during the night in question, including discussing the videotape.[3]

The victim and Young were not asked about the videotape during their testimony. During deliberations, the jury made several inquiries including asking "Where is camcorder and video?" and "Why wasn't there questioning to the prosecution's witnesses about the camcorder?—[the victim and Young]." In response, the trial court told the jury that it should be guided by the instructions and evidence. The jury found the defendant guilty of forcible rape and attempted victim tampering, but not guilty of forcible sodomy. The trial court sentenced the defendant to fifteen years for rape and to a consecutive five-year term for attempted victim tampering. The defendant appeals, raising two points.

■ In his first point, the defendant argues that the trial court abused its discretion in excluding evidence of the videotape. During oral argument before this Court, the defendant's counsel stated that she was not seeking admission of the videotape itself, but rather evidence regarding the videotape. In other words, the defendant makes no claim that the videotape should be admitted in evidence and shown to the jury; instead he merely

1. The State had provided the defendant's counsel with a copy of the videotape.

2. The court also ruled that the defendant could not adduce any evidence regarding any alleged statements that Young suggested a threesome between himself, the defendant, and the victim. At trial, the defendant was permitted to question Young about statements regarding a threesome after the court ruled that certain questioning by the prosecutor during Young's direct examination "allowed the door to be opened" to this evidence. Young testified that he did not tell the defendant on the phone that the victim would be willing to engage in a threesome. When asked if he told the defendant "in person," Young answered: "Yes. Not that she would be

okay with it, but I ask. That's what I said, I'll ask, I'll check on it."

3. After the defendant testified, the defendant's counsel asked the trial court to reconsider its previous ruling regarding the videotape. The defendant's counsel stated that he wanted to have Young testify that the videotaping occurred. During this discussion, the prosecutor stated that the court had previously ruled that the defendant would not be restricted from testifying as to his version of the events. The trial court again ruled that the defendant could not present evidence from Young about the videotape. The defendant then made an offer of proof during which Young stated that the victim had agreed to be videotaped and that he videotaped the victim masturbating.

seeks to adduce evidence that the video-taping occurred to corroborate his own testimony as to the videotaping and to elucidate the immediate surrounding circumstances of the alleged crimes. The defendant argues for admissibility under section 491.015 because the videotaping was evidence of the immediate surrounding circumstances of the alleged crime. The defendant also contends that section 491.015 cannot be applied in such a manner that denies him due process.

■ Section 491.015 is designed to protect the victim. *State v. Baker*, 23 S.W.3d 702, 714 (Mo.App. E.D.2000). The statute provides that evidence of the complaining witness's prior sexual conduct is inadmissible unless it falls within one of the four specific exceptions, and then only to the extent that the court finds it relevant to a material fact or issue in the case.[4] *State v. Jones*, 716 S.W.2d 799, 800 (Mo. banc 1986). If the challenged evidence does not fall within one of the four exceptions, then it is inadmissible and is not subject to a relevancy review under sub-

section two of the statute. *Id.* At issue is the third exception under section 491.015.1, which applies to evidence of the immediate surrounding circumstances of the alleged crime.

■ The trial court permitted the defendant to testify about the videotape, but did not permit this evidence to be discussed during the defendant's opening statement or corroborated during the victim's or Young's testimony. Because the trial court permitted the defendant to testify about the videotape, the court presumably found that the evidence was subject to the third exception under section 491.015 and, for purposes of the defendant's testimony, it was relevant to a material fact or issue in the case. If the court had found otherwise, then the defendant would have been precluded from testifying about the videotape. Section 491.015 applies not only to cross-examination of the victim but also to the testimony of other witnesses. *State v. Madsen*, 772 S.W.2d 656, 662 (Mo. banc 1989). "[E]ven the defendant may not testify about the victim's prior conduct

---

4. Section 491.015 provides in part:

1. In prosecutions under chapter 566, RSMo, or prosecutions related to sexual conduct under chapter 568, RSMo, opinion and reputation evidence of the complaining witness'[s] prior sexual conduct is inadmissible; evidence of specific instances of the complaining witness'[s] prior sexual conduct or the absence of such instances or conduct is inadmissible, except where such specific instances are:

(1) Evidence of the sexual conduct of the complaining witness with the defendant to prove consent where consent is a defense to the alleged crime and the evidence is reasonably contemporaneous with the date of the alleged crime; or

(2) Evidence of specific instances of sexual activity showing alternative source or origin of semen, pregnancy or disease; [or]

(3) Evidence of immediate surrounding circumstances of the alleged crime; or

(4) Evidence relating to the previous chastity of the complaining witness in cases, where,

by statute, previously chaste character is required to be proved by the prosecution.

2. Evidence of the sexual conduct of the complaining witness offered under this section is admissible to the extent that the court finds the evidence relevant to a material fact or issue.

3. If the defendant proposes to offer evidence of the sexual conduct of the complaining witness under this section, he shall file with the court a written motion accompanied by an offer of proof or make an offer of proof on the record outside the hearing of the jury. The court shall hold an in camera hearing to determine the sufficiency of the offer of proof and may at that hearing hear evidence if the court deems it necessary to determine the sufficiency of the offer of proof. If the court finds any of the evidence offered admissible under this section the court shall make an order stating the scope of the evidence which may be introduced.

unless the case fits one of the statutory exceptions." *Id.* The court also presumably found that, although the evidence regarding the videotape was subject to the third exception, it was not relevant to a material fact or issue in the case for purposes of opening argument and during the victim's and Young's testimony. The difficulty with the trial court's rulings is apparent from the jury's question why the victim and Young were not questioned about the videotaping and the jury's request regarding the "camcorder and video." For purposes of section 491.015 in this case, the evidence of the videotaping was either admissible or inadmissible. Here, the court allowed the defendant to testify about the videotape, but then denied him any opportunity to corroborate his own testimony.

The State contends that the third exception does not apply because the videotaping did not occur immediately before the rape, but rather occurred before Young and the victim had consensual sex. The State relies on the defendant's offer of proof in which Young stated that he videotaped the victim masturbating and then had consensual sex with her. But the intervening act of consensual sex does not mean that the evidence was not part of the immediate surrounding circumstances. The videotaping and the consensual sex and the alleged crimes all occurred in the defendant's bed on the same evening. The third exception under section 491.015.1 applies.

■ We now consider whether the evidence was relevant to a material fact or issue in the case. Section 491.015.2. The language of the third exception, evidence of the immediate surrounding circumstances of the alleged crime, is very similar to the theory of *res gestae*. "Obviously the [third exception] has much in common with the theory of *res gestae*." *State v. Sherman*, 637 S.W.2d 704, 706 (Mo. banc 1982). Broadly speaking, the term *"res gestae"* "includes circumstances, facts, and declarations incidental to the main fact or transaction, and necessary to illustrate its character, and acts, words, and declarations which are so closely connected to the main fact or transaction as to constitute a part of it." 29A Am.Jur.2d *Evidence* section 860 (1994). "Generally, acts statements, occurrences and the circumstances forming part of the main transaction may be shown in evidence under the *res gestae* rule where they precede the offense immediately or by a short interval of time and tend, as background information, to elucidate a main fact in issue." *Sherman*, 637 S.W.2d at 706. *See State v. Dooley*, 549 S.W.2d 677, 680 (Mo.App.1977). *Res gestae* refers to both an exception to the hearsay rule and at issue here to a general rule of relevancy. *State v. Johnson*, 637 S.W.2d 157, 161 n. 2 (Mo.App.1982).[5] In the present case, the videotaping occurred after the victim and Young arrived at the defendant's house and a short time prior to the alleged crimes. The videotaping is intertwined with the events that night. Admission of the evidence would provide the factfinder with a complete and coherent picture of the events leading up to the alleged crimes and was admissible as part of the *res gestae*. The defendant's first point is granted. The judgment must be

**5.** The use of the term *"res gestae"* as a hearsay exception has been criticized. *See Bynote v. National Super Markets*, 891 S.W.2d 117, 121 (Mo. banc 1995); *State v. Williams*, 673 S.W.2d 32, 34 (Mo. banc 1984). Because the use of the term *"res gestae"* fails to clarify the specific hearsay exception, the Court in *Bynote* held that it would no longer recognize the term *"res gestae"* as carrying sufficient meaning to support either the admission of or an objection to proffered testimony. 891 S.W.2d at 121.

reversed and the cause remanded for a new trial.

In his second point, the defendant challenges the trial court's rulings as to his *Batson* challenges. Given our disposition of the defendant's first point, we need not address the defendant's second point.

The judgment is reversed and the cause is remanded for a new trial.

LAWRENCE G. CRAHAN, J., and MARY K. HOFF, J., concur.