

# Missouri Court of Appeals
## Southern District

### In Division

STATE OF MISSOURI, )
)
    Plaintiff-Respondent, )
)
v. ) No. SD38085
)
) **Filed: December 23, 2024**
FRANK CLIFFORD PARRY IV., )
)
    Defendant-Appellant. )

APPEAL FROM THE CIRCUIT COURT OF PEMISCOT COUNTY

Honorable Fred W. Copeland, Judge

**<u>AFFIRMED</u>**

Frank Clifford Parry ("Defendant") appeals his convictions after a jury trial on four

counts of first-degree child molestation under §566.067; one count of second-degree statutory

sodomy under §566.064; four counts of forgery under §570.090; one count of tampering with a

witness under §575.270; one count of tampering with a judicial officer under §575.095; one

count of first-degree harassment under §565.090; and one count of failure to appear under

§544.665.[1]  Defendant was sentenced to four consecutive life sentences plus seventeen years'

imprisonment as a prior and persistent offender.  On appeal, Defendant alleges that the trial court

---

[1] All statutory references are to RSMo, 2016, as amended through the dates of each crime.

erred in excluding evidence of Victim's allegations of sexual abuse by others and that the trial court sentenced Defendant based on a mistaken belief. Finding no error, we affirm.

## Factual Background and Procedural History

Defendant was charged with multiple felonies, including child molestation and statutory sodomy, involving two minors, Victim and K.M, Victim's neighbor, who was fourteen years old at the time. The relevant facts, viewed in a light most favorable to the verdict, are as follows:[2]

Both K.M. and Victim disclosed that Defendant sexually abused them at various times, with Victim also alleging that her mother participated in some of the acts. Victim initially did not disclose any acts of abuse by Defendant, but after being placed in foster care she gradually began confiding to her foster placement, her Children's Division worker, her counselor and her teacher about the numerous incidents of sexual abuse committed by Defendant. Victim described these incidents in detail. Victim said that she did not tell anyone initially because "[Defendant] told [her] to not tell anybody."

On March 2, 2018, Victim underwent a second forensic interview where she continued to disclose that she had been sexually abused by Defendant. A recording of this interview was admitted into evidence and played for the jury. Victim made drawings during the interview, including a drawing of a person with a penis, and another of her and Defendant. As part of her disclosures throughout this time, Victim also stated that she had been sexually abused by other individuals in addition to Defendant.

Prior to trial, the State filed a motion in limine to exclude evidence of Victim's prior sexual abuse by anyone other than Defendant under §491.015, Missouri's rape shield statute.

---

[2] *See* **State v. Mann**, 129 S.W.3d 462, 464 (Mo. App. S.D. 2004).

The motion was filed in part because, during a previous hearing, Defense Counsel asked each witness about Victim's prior allegations of being molested by persons other than Defendant.

A pre-trial hearing was held on the motion. Defense counsel argued that Victim's allegations against others regarding other incidents of sexual abuse were necessary "to determine [whether Victim] is telling the truth, or is . . . not telling the truth . . . ." Defendant argued that the statute should not prevent him from "cross-examining the witness concerning prior sexual abuse complaints to establish motive [ ] for the witness to fabricate [the] present complaint." On April 4, 2022, the trial court sustained the State's motion in limine, preventing Defendant from eliciting any evidence regarding Victim's disclosure of sexual contact involving any individuals other than Defendant.

Throughout trial and outside of the presence of the jury, Defendant made various offers of proof regarding allegations made by Victim against others. K.J., one of Victim's caretakers, testified that she was unaware of any alleged allegations that Victim made against her grandson. C.D., the sexual assault forensic examiner and child abuse resource educator who interviewed Victim regarding her allegations against Defendant, testified that Victim had alleged that she had been sexually abused by a child. C.D. testified that Victim also made an allegation against another individual with the initials J.L. J.R., Victim's counselor, testified that Victim made allegations of abuse against individuals other than Defendant. J.R. reported these to the Children's Division on the hot-line but never verified whether they occurred or not. C.M., Victim's teacher, testified that Victim made allegations against persons other than Defendant. C.M. testified that she contacted the school counselor, who reported the allegations, but C.M. had no knowledge as to whether an investigation occurred.

No evidence was elicited, from any witness, as to the veracity of these other allegations of abuse. The trial court maintained its position that evidence of Victim's disclosure of sexual contact involving individuals other than Defendant would not be permitted. Defendant was ultimately found guilty on all counts.

On May 15, 2023, a sentencing hearing was held. Before pronouncing Defendant's sentence, the trial court stated:

> I obviously had an opportunity to listen to all the evidence that was presented in this three-day jury trial. I concur with the guilty verdicts . . . I had a long career on the bench before I retired and heard a lot of cases and I don't believe that . . . I'd heard a case quite as alarming as this one . . . . [T]his type of situation where we had the Defendant . . . and his wife, the natural mother of this child, involved in the activity that they were involved with . . . at such a young age. . . . I just felt dirty listening to the evidence and what went on in the home involving these people. . . . And during my involvement in this case, . . . I have not seen the first ounce of remorse from this [Defendant]. . . . All I've seen is indignation . . . . [T]hrough the letters that he wrote, trying to intimidate witnesses, trying to intimidate prosecutors, trying to intimidate judges, fleeing the United States to avoid prosecution from these . . . acts . . . . When I received the Sentence Assessment Report [SAR] again another thumb – kick in the rear by [Defendant], he wouldn't even meet with the probation officer to give them information that would have been beneficial to him . . . . He even refused to participate in that type of situation.

The trial court sentenced Defendant to life imprisonment on Counts I-IV, to be served consecutively to each other; ten years' imprisonment on Counts V-XI, to be served concurrently with each other but consecutively to Counts I-IV; and seven years' imprisonment as to Counts XII-XIII, to be served concurrently with each other but consecutively to Counts I-IV. This appeal followed.

**Analysis**

*I.      Points I-IV: Excluding evidence of Victim's allegations of sexual abuse by others*

Defendant does not challenge the sufficiency of the evidence as to any of his convictions on appeal. In Points I-IV, Defendant argues that the trial court abused its discretion by excluding

4

evidence of Victim's allegations of sexual abuse by others in that this evidence was not barred by §491.015, Missouri's rape shield statute. Defendant argues that such testimony was admissible because: (1) it would fall under subsection three of the statute; (2) it would fit within the judicially created "fair trial" exception to the statute because Defendant was unable to present a complete defense in absence of the evidence; and/or (3) the State opened the door to the admission of the proffered evidence "by itself introducing inadmissible evidence of [an alternative perpetrator's] sexual abuse of Victim" We find these arguments unavailing.

Trial courts have broad discretion in determining whether to admit or exclude evidence. *State v. Smith*, 689 S.W.3d 798, 804 (Mo. App. E.D. 2024). On appeal, we review a trial court's decision to admit or exclude evidence "for abuse of discretion." *Id.* (quoting *State v. Pierce*, 678 S.W.3d 115, 121 (Mo. App. S.D. 2023)). Even if this Court finds the trial court abused its discretion, we will reverse only if the error was "so prejudicial that it is a reasonable probability that the error affected the outcome and deprived the defendant of a fair trial." *State v. Martin*, 388 S.W.3d 528, 535 (Mo. App. S.D. 2012) (citing *State v. Kemp*, 212 S.W.3d 135, 145-46 (Mo. banc 2007)).

*A. Rape shield Exception*

Missouri's rape shield statute "creates a presumption that a victim's prior sexual conduct is not relevant to sex-crime prosecutions." *State v. Rycraw*, 507 S.W.3d 47, 56 (Mo. App. E.D. 2016) (citing *State v. Johnson*, 479 S.W.3d 762, 766 (Mo. App. E.D. 2016)). Section 491.015 provides:

1. In prosecutions under chapter 566 or prosecutions related to sexual conduct under 568, opinion and reputation evidence of a victim's or witness' prior sexual conduct, acts, or practices is inadmissible at any trial, hearing, or court proceeding and not a subject for inquiry during a deposition or discovery; evidence of specific instances of a victim's or witness' prior sexual conduct, acts, or practices or the absence of such instances or conduct is inadmissible at any trial, hearing, or

any other court proceeding, and not a subject for inquiry during a deposition or discovery, except where such specific instances are:

. . . .

(3) Evidence of immediate surrounding circumstances of the alleged crime . . . .

"Section 491.015 is unequivocally applicable to a victim's prior complaint when it is inherently premised upon prior sexual conduct." *State v. Stiff*, 626 S.W.3d 916, 923 (Mo. App. E.D. 2021).

Defendant alleges that the proffered evidence of Victim's allegations of sexual abuse by others was admissible because it fell under §491.015.1's third exception as "[e]vidence of immediate surrounding circumstances of the alleged crime." "The third exception is very similar to the theory of res gestae." *Rycraw*, 507 S.W.3d at 57 (citing *State v. Smith*, 157 S.W.3d 379, 383 (Mo. App. E.D. 2005)). "Broadly speaking, res gestae 'includes circumstances, facts, and declarations incidental to the main fact or transaction, and necessary to illustrate its character, and acts, words, and declarations which are so closely connected to the main fact or transaction as to constitute a part of it.'" *Id.* (quoting *Smith*, 157 S.W.3d at 383). Therefore, acts under the res gestae exception are admissible only when they "precede the offense immediately or by a short interval of time and tend, as background information, to elucidate a main fact in issue." *Id.*

Evidence that Victim made allegations of sexual abuse by others was not admissible merely because she spoke such allegations around the same time that she discussed having been sexually abused by Defendant. Although Defendant alleged at the 491 hearing that the evidence would "establish motive of a witness to fabricate a complaint," Defendant failed to show that the proffered allegations were false or that they showed that Victim was confusing the incidents and persons involved with the sexual abuse committed by Defendant. Defendant did not establish when any of these additional alleged incidents occurred or whether they immediately preceded the Defendant's offenses or occurred within a short interval of time of Defendant's offenses.

6

Defendant did not show how Victim's allegations against others were "necessary to illustrate" the character of Victim's allegations against Defendant, nor show how such allegations would "elucidate a main fact in issue." Thus, the proffered evidence was not admissible under §491.015.1.

### B. Fair trial exception

Defendant also alleges that the trial court denied him the ability to present a complete defense by prohibiting him from arguing that "Victim had leveled sexual abuse allegations against dozens of other individuals . . . [and that Defendant] was obviously also seeking to promulgate an alternative perpetrator or perpetrators . . . ."

Section 491.015 "may not be applied so strictly as to deprive the defendant of the fair trial comprehended by the concept of due process." **State v. Samuels**, 88 S.W.3d 71, 82 (Mo. App. W.D. 2002) (quoting **State v. Douglas**, 797 S.W.2d 532, 535 (Mo. App. W.D. 1990)). This judicially created exception to the rape shield statute has been narrowly interpreted. **State v. Cooper**, 581 S.W.3d 677, 681 (Mo. App. S.D. 2019). This exception will only apply if:

> the State seeks to introduce evidence to prove a defendant's guilt or draw for the jury an inference from which to show a defendant's guilt, the rape shield statute may not be used to prohibit the defendant from introducing contrary evidence without violating a defendant's constitutional right to a fair trial.

**Id.** (citing **State v. Gorman**, 468 S.W.3d 428, 434-44 (Mo. App. W.D. 2015) and **State v. Sales**, 58 S.W.3d 554, 559 (Mo. App. W.D. 2001)). "As a result, the judicially created 'right to fair trial' exception to section 491.015 does not apply when the evidence is relevant merely to impeach a victim's credibility and does not directly refute evidence that tends to show a defendant's guilt." **Id.** (citing **State v. Smith**, 996 S.W.2d 518, 522 (Mo. App. W.D. 1999)).

Upon review of the record, Defendant's "due process" argument at trial was that the evidence of Victim's allegations of sexual abuse by persons other than Defendant was necessary

7

to impeach Victim's credibility. In arguing the motion in limine, Defense Counsel stated that Victim's allegations against others regarding other incidents of sexual abuse were necessary "to determine [whether Victim] is telling the truth, or is . . . not telling the truth . . ." It is not a proper invocation of this judicially created exception to admit evidence offered to "merely impeach" Victim's credibility or that did not "directly refute evidence that tends to show a defendant's guilt." *Cooper*, 581 S.W.3d at 681. On this basis alone, the "fair trial" exception does not apply in this case.

Further, while Defendant sought to introduce Victim's other allegations of abuse, the record does not establish that any of these allegations were false. Although excluding evidence of a victim or witness's prior false allegations "deprives the fact-finder of evidence that is highly relevant to a crucial issue directly in controversy; the credibility of the witness[,] . . . [t]he relevance of the prior false allegation is . . . derived primarily from the fact that the allegation *was false.*" *State v. Long*, 140 S.W.3d 27, 30-31 (Mo. banc 2004) (emphasis added). Thus, the trial court must make a preliminary determination, under the preponderance of the evidence standard, "whether a defendant has established that the prosecuting witness previously made knowingly false allegations." *Id.* at 31-32.

Here, Defendant showed only that Victim made allegations of having been sexually abused by others, without showing that such allegations were false or that Victim knew that such allegations were false. The record reflects instead that at least one of Victim's allegations against others was true because J.L. was convicted of having sexually abused Victim. The trial court did not abuse its discretion in refusing to admit such evidence, and such refusal did not affect Defendant's right to a fair trial.

C. *Curative admissibility doctrine*

8

Finally, Defendant cites the "curative admissibility doctrine" in arguing that the State opened the door to admission of Victim's other allegations of abuse by "introducing inadmissible evidence of [an alternative perpetrator's] sexual abuse of Victim" through the testimony of L.P. "The doctrine of curative admissibility allows a party to introduce otherwise inadmissible evidence to answer the opposing party's previous introduction of inadmissible evidence if it would *remove any unfair prejudice* caused by the admission of the earlier inadmissible evidence." ***State v. Burns***, 292 S.W.3d 501, 507 (Mo. App. S.D. 2009) (quoting ***United Mo. Bank, N.A. v. City of Grandview***, 179 S.W.3d 362, 368 (Mo. App. W.D. 2005)) (emphasis added). Defendant's argument regarding the curative admissibility doctrine fails for two reasons.

First, L.P.'s testimony was limited and non-responsive to the question asked by the State. The State asked if L.P. talked with a deputy, to which L.P. responded: "Yes. About [J.L.]." To remedy any effect of this testimony, the State requested the answer be stricken as non-responsive, and the trial court struck the testimony and stated that "the jury will not consider it and should disregard the statement made by the witness." No further remedy or curative action was requested by Defendant. By striking the testimony and instructing the jury not to consider it, the trial court mitigated any potential unfair prejudice from the statement. Second, this testimony is not unfairly prejudicial to Defendant because it is the exact type of evidence which he advocates should have been presented to the jury. Defendant's request is not to correct some mistaken belief the jury might have gotten from this testimony, but instead to provide more and additional detail to buttress this testimony for the jury. Such is not permitted under the curative admissibility doctrine. Defendant's Points I-IV are denied.

## II.     *Point V: Sentencing*

9

Because Defendant failed to object during the pronouncement of his sentence, Defendant concedes that this Court is limited to plain error review of Point V. *See State v. Pierce*, 548 S.W.3d 900, 904 (Mo. banc 2018). "Rule 30.20 is the exclusive means by which an appellant can seek review of any unpreserved claim of error, and said claim . . . is evaluated by this Court's plain error framework without exception." *State v. Brandolese*, 601 S.W.3d 519, 530 (Mo. banc 2020) (emphasis omitted). While we have discretion to review "plain errors affecting substantial rights," not every claim of plain error is entitled to review and the rule is to be used sparingly. *Id.* at 526. Plain error review is a two-step process:

> The first step requires a determination of whether the claim of error facially establishes substantial grounds for believing that manifest injustice or miscarriage of justice has resulted. All prejudicial error, however, is not plain error, and plain errors are those which are evident, obvious, and clear. If plain error is found, the court must then proceed to the second step and determine whether the claimed error resulted in manifest injustice or a miscarriage of justice.

*State v. Minor*, 648 S.W.3d 721, 731 (Mo. banc 2022) (quoting *Grado v. State*, 559 S.W.3d 888, 899-900 (Mo. banc 2018)). "[T]he defendant bears the burden of demonstrating manifest injustice entitling him to plain error review." *Brandolese*, 601 S.W.3d at 526. To be entitled relief, "the appellant must show 'the error was outcome determinative.'" *State v. Wood*, 580 S.W.3d 566, 579 (Mo. banc 2019) (quoting *State v. Baxter*, 204 S.W.3d 650, 652 (Mo. banc 2006)).

"A sentence passed on the basis of a materially false foundation lacks due process of law and entitles the defendant to a reconsideration of the question of punishment in the light of the true facts, regardless of the eventual outcome." *State v. Pierce*, 548 S.W.3d 900, 904 (Mo. banc 2018) (quoting *Wraggs v. State*, 549 S.W.2d 881, 884 (Mo. banc 1977)). "[Defendant] has the burden to establish the circuit court based its sentence on a mistaken belief, not merely that it held such a belief." *Id.* at 906. Otherwise, there is no manifest injustice. *Id.*

10

Here, Defendant fails to show that there are substantial grounds for believing that a manifest injustice or miscarriage of justice occurred during Defendant's sentencing. Before pronouncing its sentence, the trial court discussed the horrific nature of the sexual abuse Defendant perpetrated against Victim and K.M.; Defendant's intimidation of witnesses, prosecutors, and judges; his actions in fleeing the United States to avoid prosecution; and Defendant's lack of remorse. Section 557.036 permits a court to consider "the history and character of the defendant" when deciding the extent or duration of the defendant's sentence. §557.036. "Missouri precedent . . . permits a sentencing court to consider the defendant's lack of remorse or accountability in imposing sentence." *Martin v. State*¸ 526 S.W.3d 169, 179 (Mo. App. W.D. 2017) (citing *State v. Collins*, 290 S.W.3d 736, 747 (Mo. App. E.D. 2009)). Defendant's refusal to participate in the SAR was additional evidence of Defendant's lack of accountability for his actions. The trial court was permitted to consider this in sentencing Defendant. Thus, we decline to exercise plain error review. Defendant's Point V fails.

## Conclusion

The judgment of the trial court is affirmed.


MATTHEW P. HAMNER, J. – OPINION AUTHOR

MARY W. SHEFFIELD, J. – CONCURS

DON E. BURRELL, J. – CONCURS